## TILLOTSON *v.* GREGORY.

DEEDS—BUILDING RESTRICTIONS—CONSTRUCTION.

On a bill to restrain the erection of a building in violation of certain alleged building restrictions in defendant's deed, and in violation of the general plan of improving the subdivision in which the parties' lots were located, evidence examined, and *held,* that defendant's deed contained no restriction with respect to the erection of a dwelling to be occupied by more than one family, and that the general plan as to building not nearer than 10 feet from the side lines of the lots had been abandoned by all parties, including complainants.

Appeal from Wayne; Mandell, J. Submitted June 14, 1907. (Docket No. 99.) Decided February 15, 1908.

Bill by Frank F. Tillotson and others against Frederick E. Gregory to restrain the erection of a dwelling. From a decree dismissing the bill, complainants appeal. Affirmed.

*John M. Corbin* and *Barbour & Field,* for complainants.

*Lodge & Brown,* for defendant.

McALVAY, J.   Certain parties owning land in the city
of Detroit as tenants in common transferred the title of
the same to one of their number in trust for the purpose
of platting and selling.   It was platted as Chandler
Avenue Subdivision and the plat recorded April 17, 1890.
This subdivision contained 98 lots, 94 of which front on
Chandler avenue; two have been taken for a street.   At
the time of commencement of this suit 48 of these lots had
been built upon, leaving 46 vacant lots on the avenue.
Complainants, who are owners of certain houses and lots
on this avenue, some adjoining the property of defendant,
which is lot 94, filed their bill of complaint for the purpose
of restraining him from erecting a four-family flat build-
ing upon this lot, contrary to what is claimed to be the
restrictions and covenants contained in the deed to his
grantors and to the general and uniform plan and scheme
of development adopted for the benefit of all lots in this
plat between Woodward avenue and Brush street.   The
decree of the circuit court denied complainants the relief
prayed for, and dismissed the bill of complaint.   Com-
plainants have appealed.

The lots on this subdivision each have a frontage of 50
feet on Chandler avenue which extends from Woodward
avenue east to Oakland avenue, a distance of one-half of
a mile.   Complainants allege that Chandler avenue is one
of the choicest residence streets in Detroit; that the lots
were sold under a certain general plan of improvement
and were purchased by them and their homes were erected
with the understanding that this was a restricted district;
that on the half of said avenue from Brush street east the
restrictions were that the property should be used for resi-
dence purposes only, the residences to be of brick, stone, or
wood, at least two stories high, to cost not less than $2,500;
that a space of 10 feet should be left between the building
and the lot line on each side and 20 feet between the
building and the street line of Chandler avenue; that on
the half of said avenue from Brush street west the restric-

tions were the same, except that the residences were to be of brick and stone and to cost not less than $4,000; that with few exceptions all of the conveyances from the person platting the subdivision contained one or the other of these restrictions, which were made for maintaining uniformity in the character of the dwellings and the building line of the street, with uniform spaces between the dwellings; that a reasonable construction of these restrictions allowed but one dwelling suitable as a residence for one family only upon each lot.

The contentions of the defendant which we consider necessary to discuss are: That no general, definite, uniform plan existed in this subdivision; it was only to preserve the territory for residence purposes; that the plan as claimed in the bill of complaint has been abandoned and waived and the restrictions violated by complainants and other lot owners there. The first transfers after platting were all made to purchasers by Edwin B. Robinson, the trustee.

The restrictions claimed by complainants to be practically uniform in this subdivision and specified in the transfers are that these lots were to be used for residence purposes only, that the building line was fixed 20 feet back from the street line, and the buildings were to be so erected as to leave a space not less than 10 feet between the buildings and the lot side lines; that the houses were to be of a certain size and construction and of a cost according to location not less than $2,500 and $4,000, and to be occupied by one family.

There were no restrictions in the transfers by his cotenants to Mr. Robinson, and none were contained in the plat. In none of the deeds to purchasers was there any express restriction that but one family could occupy each dwelling residence, but it is claimed that such intention is fairly inferred from a construction of all the restrictions contained in the conveyances. An examination and careful tabulation of all these transfers gives the following results:

Thirty lots were conveyed containing all of the express restrictions above recited as claimed by complainants. Thirty-two lots were conveyed with restrictions providing for dwellings or residences of the kind and cost above stated, to be erected 20 feet from the street line. Seventeen were conveyed without restriction as to the character of the building to be erected thereon, the restriction being, " It is also agreed that no building or dwelling house shall be erected nearer than 20 feet from the Chandler avenue line." Ten were conveyed without any restrictions. Five were conveyed for residence purposes only, "subject to the building restrictions now existing on said subdivision." Three were conveyed in pursuance to contract, the terms of which are not given. One was conveyed under restrictions to build a residence costing $3,500 with 10 feet space on each side between the building and lot line. Forty-nine, being more than one-half of the number of lots above conveyed, have no restrictions as to the spaces between the buildings.

These variations in the conveyances as indicated in the several groups extend to lots in every part of the subdivision. From the record it appears that the lots of this subdivision fronting on Chandler avenue are each 50 feet wide. Ninety-four of the lots front upon this street. Forty-eight have been built upon. Thirty-five of these 48 houses are more than 30 feet wide; the size required under the restrictions claimed. Fourteen houses are more than 40 feet wide. Five are 44 feet wide and over.

Of the complainants in this case, Tillotson's house is 37.3 feet wide; Postal's is 40.5; Smith's is 43.5; Niles's is 43.5; O'Leary's is 37.8. All of the houses built on the first two blocks exceed 30 feet in width. A double house 44.9 feet wide was built without objection on lot 72, conveyed without restrictions. A double house 46.5 feet wide was built without objection on lot 31, in the deed to which the only restriction was that no building or dwelling shall be built or erected nearer than 20 feet to the Chandler avenue line. Two houses each 20.2 feet wide

were erected on lot 32 under same restriction as 31 without objection.

From the evidence in the case it is clear that whatever restrictions may have been in some of the deeds as to distances buildings should be placed from side lines of the lots the concession in complainants' brief that there has not been a general compliance with it is amply supported by the evidence.

Complainants ask that defendant be enjoined from building a dwelling house or flat two stories high and to be occupied by himself and three other families upon the theory that there was a general restriction, binding upon the original purchasers and their grantees, that only a single dwelling house designed for one family should be built upon each lot and that defendant was bound by the restrictions in the deed to his grantors, and had notice of the general plan.

The question to be decided is not whether the restrictions claimed by complainants would be valid, but whether any such general restrictions existed as to this subdivision, and particularly whether there was any restriction that the dwelling houses erected on each lot were to be occupied by but one family. The restriction in defendant's deed was that the property was to be used for residence purposes only, the building to be erected at least 20 feet from the street line and 10 feet from each side line, and to be stone or brick, and to cost not less than $4,000. All these restrictions defendant agrees to comply with except as to distances from the side lines (which complainants concede has been abandoned) and the building is to cost about $14,000. The proofs do not support complainants' contention. A careful reading of the tabulation made of the conditions in the deeds will not disclose a general, uniform, and certain plan of improvement, except that these lots were to be used for residence purposes, as distinguished from business purposes, and the building line was to be 20 feet from the street line, and the houses were to cost not less than $2,500 and $4,000, according to location.

There is no specific restriction in any deed that but one family shall occupy each house.

The practical construction of these restrictions given by complainants and others who have built upon these lots is also against complainants' claim.

It is urged that between Woodward avenue and Brush street, within which part of this plat defendant's lot is situated, the restrictions claimed exist in the conveyances and have been practically complied with by the purchasers and builders. The proofs do not warrant this claim. In these two blocks lots were sold without any restriction at all; without restriction as to the use of the property and without uniformity as to distances from buildings to side lines. Although all of them were restricted as to cost of buildings to be erected, and distance from street line, there is not a house erected on these two blocks which does not exceed 30 feet in width, including those of complainants.

The case at bar, like *James* v. *Irvine*, 141 Mich. 376, which it much resembles, can be distinguished from *Harris* v. *Roraback*, 137 Mich. 292. In the latter case all of the conveyances but one contained the restriction "that the said second party, his heirs and assigns, will not occupy said premises except for one dwelling house to each lot." This court held that the intention of the parties was "that no house except one planned and designed for a single dwelling should be erected." The restriction in defendant's deed or in any of the other deeds before us in this case will not bear any such construction.

That restrictions of the kind claimed by complainants may be created and held valid is not disputed. Citation of authorities upon that question is therefore not necessary. The question before us is a construction of these conveyances and a consideration of the evidence. Our conclusion, as already indicated, is against complainants.

The decree of the circuit court dismissing the bill of complaint is affirmed, with costs.

GRANT, C. J., and MONTGOMERY, HOOKER, and MOORE, JJ., concurred.