Newman, J.
In addition to the claim that the erection of a double or two-family house is not in violation of the clause of restriction contained in her deed, plaintiff in error contends that, if the erection of such a house did violate the restriction, the right to enforce it has been lost to defendant in error through his own acts or those of the common grantor. These acts are pleaded in the answer and are referred to at length in the agreed statement of facts. In arriving at a decision of this case, however, we have found it necessary to consider only the meaning of the clause of restriction contained in the deed.
It is the claim of counsel for defendant in error that in the erection of a double or two-family house on her property plaintiff in error would violate the restriction clause in her deed and that when the words “this property is sold for residence purposes only” were inserted in the deeds the sellers of the property clearly intended that single houses only should be built thereon and that the language used excluded the idea of a number of residences under the same roof or in the same house. They concede that the use of a double or two-family house is a use for residence purposes in one sense, but that it is not a use for residence purposes only, and say that therein lies the distinction. We are unable to see the distinction they would make. The word “only” in óur opinion does not change the meaning of the words “residence purposes.”
If there is any doubt as to the meaning of the words employed the doubt should be resolved in favor of the free use of the property by plaintiff *283 in error for any lawful purpose and against restrictions, for it is a well-settled rule that in construing deeds and instruments containing restrictions and prohibitions as to the use of property conveyed all doubts should be resolved in favor of the free use thereof for lawful purposes in the hands of the owners of the fee. Ewertsen v. Gerstenberg, 186 Ill., 344. And again defendant in error acquired no greater rights under the restriction clause than his grantor had, and the rule that a deed is to be construed most strongly against the grantor applies here.
But is there any doubt as to the meaning of the words? The word “residence,” as we view it, is equivalent to “residential” and was used in contradistinction to “business.” If a building is used as a place of abode and no business carried on it would be used for residence purposes only whether occupied by one family or a number of families. Counsel say that the words were intended to describe a type of building. We think not. ' The word “residence” has reference to the use or mode of occupancy to which the building may be put. If it had been intended that the building was to be for the use of one family only, words indicating such an intention would have been used, as is frequently done, such as “a single residence,” “a private residence,” “a single dwelling house.” And it is to be noted that the common grantor here, in his deed to another lot owner in the subdivision, used the expression: “This property is sold for single residence purposes only.”
Counsel have cited a number of cases decided by courts in other jurisdictions, but an examination of *284 them will disclose the fact that in those cases there was under consideration language in restriction clauses materially different from that in the case at bar.
In Round Lake Assn. v. Kellogg, 141 N. Y., 348, there was a restriction against the use of the property for business purposes and “residence purposes” does not appear. In Skillman v. Smathehurst, 57 N. J. Eq., 1, this language was used: “Any building other than for the use or purpose of a private dwelling.” In Schadt v. Brill, 173 Mich., 647, “other than a dwelling house with the usual appurtenances” was under consideration. But the supreme court of Michigan in Tillotson v. Gregory, 151 Mich., 132, had made a distinction between the words “residence purposes” and “dwelling house,” and held that while the latter words meant a single dwelling house the words “residence purposes” would not bear such construction.
But it is claimed that the question has been clearly decided in this state. In support of this they cite Rose v. King, 49 Ohio St., 213, and Linwood Park Co. v. Van Dusen, 63 Ohio St., 183. In the former case the question was not before the court, and in the latter the court was interpreting a provision in a lease that required the lessee to use the premises “for the purpose of a private dwelling or residence.” On page 200, the court say: “The plain provision of the covenant is that the leased premises shall be used for the purposes of a dwelling or residence only, not for a number of dwellings. More than that, they are restricted to the use of it for a private dwelling or residence; and that is not a private *285 dwelling or residence which is used in the business of renting rooms to lodgers or tenants.”, The court seems to have laid stress on the use of the words “a” and “private,” these words appearing in the report italicized.
The only reported case to which our attention has been called where the language “for residence purposes only” is given the meaning claimed for it by defendant in error is Burton v. Stapely, 4 O. N. P., N. S., 65, and the case is discussed at length by counsel here. The common pleas judge, it seems, based his ruling on the language used by this court in Linwood Park Co. v. Van Dusen, quoted above. The language under consideration in the Van Dusen case was entirely different from that before the court in Burton v. Stapely, and the holding of the court, in the former case was not, we think, an authority for the position taken by the court in the latter, nor does it sustain the opinion of the court. In the Burton case the common pleas court granted an injunction in favor of the plaintiff and the case was appealed to the circuit court. There the injunction was denied. Error was prosecuted to this court and the judgment of the circuit court was reversed and judgment rendered in favor of plaintiff in error on facts found by the circuit court. Burton v. Stapely, 74 Ohio St., 461. In that case plaintiff had asked for an injunction upon the ground that there had been a violation of two restrictions in the conveyance and this court may have found that plaintiff was entitled to an injunction on account of the violation of the restrictibn in the conveyance other than the one restricting the use of the *286 found that plaintiff was entitled to an injunction on account of the violation of the restriction in the conveyance other than the one restricting the use of the property for residence purposes only, for the circuit court found as a fact that there had been a violation of the restriction in reference to the location of the building on the lot. The reversal of the judgment of the circuit court does not signify necessarily that this court approved the holding of the court of common pleas as to the meaning of the clause restricting the use of the property for residence purposes only.
In Brown v. Huber, 80 Ohio St., 183, in the covenant in the deed it was provided “that the only buildings put upon said lot shall be a residence and the necessary attachments, and that it shall be used for no other purposes than that of a family residence, and shall cost not less than $5,000 for the residence alone.” The owner of the lot had constructed two dwelling houses and planned and purposed to construct two more. This the court said was prohibited by the restriction clause in the deed.
That the erection of a double or two family house is not in violation of a restriction that the property is to be used “for residence purposes only” is the holding in Tillotson v. Gregory, 151 Mich., 132; McDonald v. Spang, 105 N. Y. Supp., 617; McMurtry v. Phillips Invest. Co., 103 Ky., 308. In the latter case the language used was: “The property herein conveyed shall be used for residence purposes only, and that, in erecting a residence thereon, it shall be built of brick or stone.” The court say: “It is contended that the language of the restriction conveys the idea of a single resi *287 dence for a single family or at any rate excludes the idea of a number of residences under the same roof or in the same house. We think, however, that to give the language used, this meaning, would be to extend its scope beyond the expressed intention of the parties. The purposes for which the houses to be erected on the court were to be used were ‘residence purposes only.’ And as the house in controversy is to be constructed for such purpose only and is not to be used for any other purpose, we do not think its construction is at all prohibited by the restriction clause.” See also note by annotator, 45 L. R. A. (N. S.), 726, 728.
If the common grantor in the case before us had in mind the exclusion of a building for the abode of more than one family he should have used language that would have expressed such an intention. The court cannot read it into the covenant.
We do not think the clause under consideration bears the interpretation given it by the court of appeals. Taking the language in its ordinary and popular sense, we are forced to the conclusion that it was not the intention of the common grantor to prohibit the erection of a double or two-family house on the premises. Defendant in error was therefore not entitled to the relief he sought and his petition should have been dismissed.

Judgment of the court of appeals reversed, and judgment for plaintiff in error.

Nichols, C. J., Shauck, Johnson, Donahue, Wanamaker and Wilkin, JJ., concur.