ZOLLER *v.* GOLDBERG.

DEEDS—COVENANTS—BUILDING RESTRICTIONS.

A covenant in a deed restraining the grantee from building on the front of the lots any but brick or stone dwellings costing at least a minimum amount and standing a specified distance from the street line, is not a personal covenant, but runs with the land; and the effect is to prohibit the construction of a store building, although several deeds in the chain of title following the restriction did not contain or refer to it. The intention of the parties was to prevent the erection of any building on the property to be used for business purposes.

Appeal from Wayne; Hally, J. Submitted October 6, 1914. (Docket No. 2.) Decided December 18, 1914.

Bill by Charles F. Zoller and others against Samuel Goldberg and another to enforce certain building restrictions. From a decree for complainants, defendants appeal. Affirmed.

*Anderson & Wilcox,* for appellants.

*E. S. Clarkson,* for appellees.

BROOKE, J. The bill of complaint in this cause is filed by the complainants for the purpose of enjoining a threatened breach of a building restriction. The property in question is situated at the northwest corner of Chandler and Oakland avenue in the city of Detroit.

It appears that Edwin B. Robinson, who was the owner of the subdivision at the time it was platted, conveyed the lot in question (No. 50) to one William A. King. The deed in question contained the following restrictive covenant:

"The said second party hereby agrees not to build or cause to be built on the front of lots 11 and 22 any other than a brick or stone dwelling to cost not less than $4,000.00, and on the front of the remaining lots none other than a dwelling to cost not less than $2,500.00, any and all of which are to stand back 20 feet from the street line of Chandler avenue and to be at least two stories high."

King sold the lot in question to Bamlet, without restriction; Bamlet sold to Irwin, without restriction; Frank L. Irwin sold to Estella G. Irwin, without restriction; and Estella G. Irwin sold the lot to defendant Goldberg September 1, 1912.

This is the third time the question of restrictions upon Chandler avenue has been before this court. In *Tillotson* v. *Gregory,* 151 Mich. 128 (114 N. W. 1025), an attempt was made to restrain the defendant from building a dwelling house for the use of more than one family, which failed. In *Erichsen* v. *Tapert,* 172 Mich. 457 (138 N. W. 330), an attempt was made to erect a store building on lot 49, immediately across the street from the lot in question in the instant case. The construction of said store building was enjoined by the circuit court, and on appeal to this court the decree was affirmed. There was considered in that case, however, an agreement signed by various lot owners, among them the owner of lot 49, containing covenants between each other restrictive in character. At the time that agreement was executed the owner of lot 50 declined to sign it, as it appears from this record. In that case, while there was a dissenting opinion as to the effect of the restrictive covenants contained in the contract, the court was unanimously of the opinion that the lot was, in any event, subject to the general restrictions pointed out in *Tillotson* v. *Gregory, supra.*

It is urged in the instant case, as it was urged in *Erichsen* v. *Tapert, supra,* that the covenant between

Robinson and King was a personal one not running with the land. This contention we think untenable and direct attention to the authorities cited in *Erichsen* v. *Tapert*, at page 462 of 172 Mich. (138 N. W. 330), touching the question. But it is contended on behalf of defendants that, even though the restriction is enforceable, in any event, it covers only the front of the lot, and the rear portion thereof might be used for business purposes. We cannot agree with this position. It is clear that the front of the lot, by the terms of the restriction, must be occupied by a dwelling house only which shall stand back 20 feet from the street line. How far back from that line the house is to extend is undetermined by the restriction. If complainant's contention is correct, one owner might use 50 feet of the rear of his lot for business purposes, while his neighbor might be able to utilize but 20 for that purpose.

We are of the opinion that the peculiar language of the restriction was rather intended to fix a uniform building line back from the street front, and that the clear intention of the parties was to prevent the erection of any building upon the lot to be used for business purposes.

The decree of the circuit court stands affirmed, with costs.

McALVAY, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.