HENRY C. PITNEY, JOHN R. EMERY, ALFRED REED, FREDERIC W. STEVENS AND MARTIN P. GREY, VICE-CHANCELLORS.

---

SARAH F. SKILLMAN

*v.*

WILLIAM J. SMATHEURST and JANE, his wife.

[Filed July 19th, 1898.]

Under the circumstances of the case considered, a covenant between vendor and vendee that there shall not be erected upon land sold and purchased "any building other than for the use or purpose of *a private dwelling*," is broken by the erection of a flat-house adapted for the separate residences of three several families.

(1)

On motion to strike out a portion of a bill to enforce the observance of a covenant, under rule 213, in lieu of demurrer.

*Mr. Allan L. McDermott,* for the motion.

*Mr. William A. Lewis, contra.*

THE CHANCELLOR.

The allegation of the bill is that, on the 13th of April, 1895, Charles E. Stiger, being the owner of a plot of land in the city of Jersey City, made up of four city lots, numbered 32, 34, 36 and 38, in block A, on a map described, agreed to sell two of these lots, 32 and 34, to the complainant, and thereupon, for valuable consideration, covenanted with her in writing, under seal and duly acknowledged and recorded, first reciting therein that the complainant has been induced to purchase the two lots, 32 and 34, through an understanding with Stiger that he would sell the balance of the four lots, to wit, lots 36 and 38, subject to restrictions as to the class of improvements to be placed thereon and as to the front line of the buildings, in this language:

"That the vacant property fronting on the southerly side of Brinkerhoff street, known as lots numbers 36 and 38, by me owned, shall not be sold for any other purpose than of a private dwelling or private dwellings, and that in improving said land and in erecting said dwelling or dwellings, the front line of the building or buildings shall be kept back on a line uniform with the building now erected on lots Nos. 32 and 34, next adjoining on the west. And it is provided and agreed that in making conveyance of said lots 36 and 38, or either of them, the said restrictions as to building and improvements shall be fully incorporated in the deed or deeds which may be given therefor."

That on the 16th day of January, 1896, Stiger and wife, by their deed, conveyed lot number 36 to one Jackson, in which deed Jackson covenanted for himself, his heirs and assigns, that he would not thereafter erect any building upon the land conveyed to him the front line of which should project any nearer to the line of Brinkerhoff street than the front line of the building then erected upon said lot No. 32 next adjoining, and that

the building to be erected upon said land should be used for private residence purposes only, which said deed to Jackson was duly recorded on the 18th of January, 1896; also that, afterwards, Jackson erected upon the land so purchased a private dwelling-house within the terms of the covenant upon his part, contained in the deed to him, that on the 9th day of April, 1896, Stiger and wife conveyed lot 38 to the defendants,

"subject [using the language of the bill] to the restrictions that there should not be erected upon the premises therein described any building other than for the use or purpose of a private dwelling, or any building the front line whereof should extend nearer to the southerly side or line of Brinkerhoff street than the present front line of the house erected on the premises next adjoining westerly thereto."

That the defendants are erecting or causing to be erected a building on lot 38, which the complainant is informed and believes is to be a three-story frame flat-house, with five rooms on a floor, suitable for three families, and that it will not be a private dwelling within the terms of the restrictions above stated in the deed to Smatheurst and wife and in the agreement between the complainant and Stiger, and that it will be erected nearer the street than the restriction permits, also that the building referred to in the covenant as erected upon the complainant's lots, at the time of the conveyance thereof by Stiger, was and yet is a dwelling-house.

The object of the bill is not only to restrain the defendants from erecting their building as near the street as they propose, but also to restrain them from building on their lot a flat-house of the character indicated.

The present motion challenges the complainant's right to relief against the erection of the flat-house upon lot 38, upon the ground that such an erection is not a breach of the agreement with Stiger.

The argument has assumed the fact charged to be that the purpose of the defendants is to erect a three-story frame flat-house, with five rooms on a floor, suitable for three families, although the fact charged really is that the complainant has been so informed and so believes. It is obvious that the fact mate-

rial to the relief sought is not the complainant's information and belief, but the fact assumed to be charged. It is the fact and not information and belief of a complainant as to the fact, that induces judicial action. But as the bill may be amended in this respect, so as to charge the fact, the defendants have proceeded upon the assumption above stated, in order to raise and have at once determined the single question whether the flat-house instanced is a private dwelling within the meaning of the covenant between Stiger and the complainant and the restriction contained in the deed from Stiger to the defendant ensuing in consequence thereof.

In ascertaining the meaning to be given to the language of the instruments considered, we may look not only at the instruments themselves, but also the situation of the parties under circumstances existing when the instruments were made.

The complainant proposed to purchase two lots upon which a dwelling-house was then erected a satisfactory distance back from Brinkerhoff street. The owner of the lots was also the owner of two vacant lots adjoining the property she proposed to buy. It was evidently his purpose to sell them. In view of this purpose upon his part, coupled with the fact that the lots were in a city, where they could be put to a variety of uses, and vacant, she stipulated that they should not be sold for any other purpose than a private dwelling-house or private dwellings, which should be erected back from the street on a line uniform with the front of the dwelling then erected upon the lots she would purchase from him. It is manifest that her purpose was to preserve the privacy and residential character of the property. The two outlying lots were disposed of by Stiger—one to Jackson for private residential purposes, to which he duly devoted it, and the other to the defendants, restricted so that they should not erect upon it a building for other use or purpose than a *private dwelling.*

Not only does the term " a private dwelling," by force of the word " dwelling," restrict the character of building by eliminating all buildings for business purposes, such as stores, livery stables, factories and the like, but it also, by force of the word

" private," excludes buildings for residential purposes of public character, such as hotels or general public boarding or community houses.

At the argument, counsel for the defendants characterized a flat as a number of private dwellings built one upon another. If this be a true definition, such a building is objectionable to the restriction, because but a single private dwelling is contemplated, not a bunch of private dwellings. The restriction is to " *a private dwelling,*" in the singular, not to a building of private dwellings, in the plural.

I think, also, that the flat cannot be deemed a *private dwelling.* It is really a community house, designed for the accommodation of more than an individual and his household, which I consider to be the sense in which the word " *private* " is to be taken. If it should be conceded that the flat here in question, consisting of three sets of apartments, is a private dwelling, upon the reasoning that each set of apartments is designed for that purpose, it must also be conceded that a flat twenty stories high, with its forty or eighty sets of apartments, is a private dwelling. This extension of the application emphasizes the destruction of individuality by multiplication that creates community, marks the line between privacy and publicity and makes conspicuous the fallacy of the reason suggested.

I have not been referred to, nor do I find, cases which directly define the meaning of the term " a private dwelling." I, however, find two cases in which the meaning of the term " single dwelling-house" has come in question. The first is *Gillis* v. *Bailey, 21 N. H. 149,* decided in 1850. There the condition of the deed was that there might be re-entry if other than " a single dwelling-house" with outbuildings should be erected. The preamble to the conditions recited that whereas the grantor was induced to dispose of its land in larger parcels in order that the buildings erected thereon might not be crowded together, but might each be surrounded by a space of open ground, and that for that purpose it had been agreed between the parties to the deed that only one single dwelling-house with outbuildings should be erected on the land. The court deemed that the

intent gathered from this preamble was to prevent density of population and that the meaning of the term "a single dwelling-house," especially when considered in light of the intention manifested by the preamble, was that "the defendant had the right of erecting a dwelling-house only intended and calculated for the convenient accommodation of one family, with the usual apartments and suitably constructed for such a purpose," and not a building designed for the separate residence of three several families, even though all apartments were connected by doors in the separating walls.

The other case is *Hutchinson* v. *Ulrich, 145 Ill. 336,* decided in 1883, where the provision of the deed for a lot fifty feet wide was "that the purchaser is to erect on the premises described herein a single dwelling, costing not less than $7,500," and that the seller should dispose of his eleven remaining lots "to parties who will cause to be erected single dwellings only on each lot of fifty feet."

The court thought that the intention of the owner was to prohibit the erection of several small dwellings on each fifty-foot lot and to secure the erection of large structures on the property and to require the property to be used for residential purposes. It appeared in the case that apartment houses were then existent near the property. The court remarked, in view of this material circumstance: "If, therefore, it was the intention to prohibit the erection of a flat on the property, why did not the parties say so in the deed? or if they intended that only a building such as is usually built for *a private residence of a family* should be erected, why not say that in the deed?" It added: "There can be no doubt in regard to the fact that the parties knew the difference between a flat and an ordinary *dwelling-house erected as a private residence,* and it is unreasonable to believe that the language incorporated in the deed would have been used if the intention was to prohibit the erection of a flat."

It is observed that in both these cases the term used was "a *single* dwelling" or "a *single* dwelling-house." The later case attempts to reconcile its difference from the earlier by

attributing the conclusion of the New Hampshire court entirely to the intent evinced in the preamble to the condition imposed. But, at the same time, it rests the conclusion reached by it largely upon the fact that when the provision of the deed it considered was made, flat-houses existed near the land in question and were known to the parties, and yet were not expressly excluded.    In its argument it substantially states that there is a difference between " a flat" and " an ordinary dwelling-house erected as a *private residence*," and that the latter is sufficiently described by the term " building such as is usually built for a *private residence* of a family."

It is quite obvious that the reasoning in *Hutchinson* v. *Ulrich* makes strongly for the meaning I attribute to the term " a private dwelling."    The case is not a precedent for the defendants.

I will deny the motion, with costs.