BAGNALL *v.* YOUNG.[1]

DEEDS — CONDITIONS   SUBSEQUENT — BUILDINGS — DWELLINGS —
DOUBLE HOUSES.

> A restriction in a deed against building anything on the premises but "a two-story dwelling house" prevents the grantee from erecting a two-story double dwelling house to be occupied by two families.

Appeal from Wayne; Donovan, J.   Submitted November 20, 1907.   (Docket No. 64.)   Decided January 31, 1908.

Bill by Herbert Bagnall, Henry C. Colburn, and Elias W. Wardell against Louis A. Young and Esther M. Young to enjoin the violation of a building restriction in a deed.   From a decree for complainants, defendants apapeal.   Affirmed.

*William P. Corbett* (*John H. Goff*, of counsel), for complainants.

*Herbert C. Munro* and *Jasper C. Gates*, for defendants.

OSTRANDER, J.   Complainants seek to restrain defendants from erecting a two-story "flat, dwelling-house building," designed and intended for the use of more than one family, upon a certain lot owned by defendants on Melbourne avenue in Detroit, the deed of which contains the following restriction:

"One of the conditions of this deed is that nothing but a two-story dwelling house, costing not less than twenty-five hundred dollars ($2,500), set on a brick or stone foundation, and the necessary out buildings, shall be erected on said lots, said dwelling house to be set not less than twenty (20) feet from front line of said lots.   No old buildings are to be moved on said premises."

[1] Rehearing denied March 17, 1908.

To the bill of complaint a demurrer was interposed, one ground of which, stated in various ways, is that a so-called two-family flat, suitable for a dwelling house for more than one family, is a two-story dwelling house within the meaning of the said restriction. The demurrer being brought on to be heard, it was overruled. Thereupon defendants answered, and in the answer deny that the lot is subject to any restriction which will prevent them from erecting and maintaining thereon a two-story, two-family flat or apartment building such as they are proceeding to construct; that said restriction is not open to a construction which will deny the right to build double houses, flats, or apartment buildings, but that the true intent and purpose of the restriction is to prevent the erection of business buildings upon the subdivision. While the answer is framed in a manner to support proof that the restrictions ought not to be enforced in this suit, it is evident that the principal question raised is the one raised and determined upon demurrer. We have no doubt, upon this record, that observance of the restriction may be enforced by the complainants. *Frink* v. *Hughes*, 133 Mich. 63. The construction and the legal effect of the restriction are the matters argued in this court, to which, from a decree making the injunction permanent, but giving to either party leave to move, under changed conditions, for a modification of the injunction, defendants have appealed. It does not appear that at the hearing in the circuit court the point was made that the decision of the demurrer was binding upon the defendants as to the construction and legal effect of the restriction. For reasons set out at some length in *Harris* v. *Roraback*, 137 Mich. 292, we decide that " a two-story dwelling house " means, in this restriction, "one two-story dwelling house," designed and used for a single dwelling, upon each lot.

The decree is affirmed, with costs to complainants.

MONTGOMERY, HOOKER, CARPENTER, and McALVAY, JJ., concurred.