KINGSTON v. BUSCH.

1. DEEDS—RESTRICTIVE CONDITIONS—COVENANTS—BUILDING RESTRICTIONS.

Under restrictions contained in a deed prohibiting the erection of a saloon or store, or of any dwelling house of less value than $2,000, upon the premises conveyed, a duplex or two-family residence could not be constructed on the lot.

2. WORDS AND PHRASES—DEFINITION—DWELLING HOUSE.

A dwelling house means a building designed as a single dwelling to be used by one family.

Appeal from Wayne; Mandell, J. Submitted June 19, 1913. (Docket No. 22.) Decided July 18, 1913.

Bill by Samuel R. Kingston and others against Charles A. Busch and another for an injunction. From a decree for complainants, defendants appeal. Affirmed.

*N. Calvin Bigelow*, for complainants.

*Walter Barlow*, for defendants.

BROOKE, J. The bill of complaint in this cause is filed to enjoin defendants from erecting upon a certain lot "any building other than a single dwelling house intended for the occupancy of one family."

The restriction in the deeds running to complainants is as follows:

"That said premises shall be used for residence purposes only; that no dwelling house shall be erected thereon at a cost of less than $2,000; and that no building or part of building shall be erected on said premises within 15 feet from the front or Josephine avenue line of said premises."

The restriction contained in the deed to defendants is as follows:

"This deed is made upon the express condition that if the said second party, his heirs, or assigns erect or suffer to be erected any saloon or store, or erect or suffer to be erected any dwelling house of a value of less than $2,000, or less than 15 feet from the street line upon the premises hereby conveyed within 99 years from the date hereof, then in that case the title of the premises hereby conveyed shall revert to the said first parties, and the said first parties may re-enter upon said premises and remove said second party, his heirs, or assigns."

Defendants proposed to erect a "duplex" or two-family residence. After a full hearing in open court the learned circuit judge who heard the case filed the following opinion:

"I am of the opinion that this case is ruled by *Harris* v. *Roraback,* 137 Mich. 292 [100 N. W. 391, 109 Am. St. Rep. 681], wherein, construing the language used in accordance with the evident intention of the parties, it was held that one dwelling house on each lot meant a building planned and designed as a single dwelling, to be used by one family, and also by *Bagnall* v. *Young,* 151 Mich. 69 [114 N. W. 674], wherein it was held that the restriction in the deed against building anything on the premises except a two-story dwelling house prevented the grantee from erecting a two-story double dwelling house to be occupied by two families.

"The cases of *Tillotson* v. *Gregory,* 151 Mich. 128 [114 N. W. 1025], *James* v. *Irvine* [141 Mich. 376, 104 N. W. 631], and *Harris* v. *Roraback,* 137 Mich. 292 [100 N. W. 391, 109 Am. St. Rep. 681], relied upon by the defendants, recognize these principles, but injunctions were denied in both cases because no general plan had been observed in the respective neighborhoods, and certain violations of the restrictions had been permitted by lot owners and complainant, which indicated binding constructions put by them upon the restrictions different from those sought in the court proceedings.

"In the case at bar all buildings erected in the subdivision have conformed strictly with the restrictions construed as urged herein by the complainants. In my opinion the language used in the deed of defendants' grantor construed in accordance with the first-cited cases means that no building shall be erected except a single dwelling house. It follows that as the building defendants proposed to erect does not conform with this construction its erection should be enjoined. A decree will be entered for the complainants, perpetually restraining the defendants from prosecuting the work undertaken."

In the subdivision in question there are 70 lots. These lots so far as built upon have been subjected to one or other of the restrictive clauses, *supra*. But 21 lots and two parts of lots have been sold subject to the restrictive clauses. The balance is still in the hands of two owners, who themselves imposed the restrictions upon those to whom they sold. We are of opinion that a general plan of improvement is clearly indicated, and that there has been no departure from that plan. The plan was to have one residence for one family only upon each lot.

The contention that the words "any dwelling house" should receive a different construction in this connection from the words "a dwelling house" is not tenable. This case is ruled by *Schadt* v. *Brill*, 173 Mich. 647 (139 N. W. 878).

The decree is affirmed, with costs.

STEERE, C. J., and MOORE, MCALVAY, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.