(174 App. Div. 403)

## DOLLARD et al. v. WHOWELL.

(Supreme Court, Appellate Division, Second Department. July 28, 1916.)

COVENANTS ⊘103(2)—RESTRICTIONS—"DETACHED DWELLING HOUSE."

A 20-family apartment house, with a flat roof, about 46 feet high, with the usual improvements, cannot be deemed "a detached dwelling house constructed for one family only."

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 169; Dec. Dig. ⊘103(2).

For other definitions, see Words and Phrases, First and Second Series, Dwelling House.]

Appeal from Special Term, Kings County.

Action by Albert H. Dollard, and another, against Charles E. Whowell, Jr. From a judgment for plaintiffs, defendant appeals. Judgment affirmed.

Defendant appeals from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on July 16, 1915, on the decision of the Special Term in favor of the plaintiff West, restraining defendant from erecting an apartment house upon premises on the westerly side of Ocean avenue, Brooklyn. The court found that the proposed building would be violative of a restrictive covenant which applied to this and other premises in the section of Flatbush known as Beverly Square. In 1898 the lands were already restricted against nuisances. On November 10, 1898, Mr. Delbert H. Decker was owner of an area between 14 and 15 acres, extending from Ocean avenue westward to the line of the Brighton Beach Railroad, and northerly from Cortelyou road. He then filed a map of this proposed improvement, on which appeared a system of projected streets and avenues, which were thereafter laid out and graded, with curbs and sidewalks. Before conveying any land, a further series of restrictive covenants were adopted, and were inserted in all conveyances of every lot or parcel conveyed. The terms of such covenant here material are against erecting "any building except a detached dwelling house or a church, and that said house shall be constructed for one family only, shall have a cellar, and shall be not less than two stories in height, and shall cost not less than $3,500 on East Sixteenth street and not less than $4,000 on all other streets of Beverly Square, and that none of the above-mentioned buildings shall have a roof of the character or description known as a flat roof." This covenant was to run with the land and continue until January 1, 1925. In the area thus restricted, detached one-family private residences have been erected, some having a value up to $25,000, and are generally occupied by the owners themselves. At the easterly end of this restricted area are three parcels extending along Ocean avenue, a wide thoroughfare, where, in other blocks, apartment houses have been built.

Defendant, in 1912, purchased four lots in the area of these restrictions, which together form a parcel fronting 100 feet on Ocean avenue, with a depth of 130 feet 4 inches. In July, 1913, defendant filed in the bureau of buildings of the borough of Brooklyn plans and specifications for an apartment building on the parcel, four stories (about 46 feet) high, with a flat roof, designed for the separate residences of 20 families, with the usual improvements of a modern apartment house. This proposed building would extend to within about 11 feet of the rear of defendant's lot, and to be within about 20 feet from the adjoining property at the side. Such proposed structure would be within about 75 feet of the plaintiff's residential property.

After a trial, the court at Special Term enjoined the erection of this building as a breach of such restriction. By the judgment defendant was restrained, until the 1st day of January, 1925, from erecting or permitting to be erected upon this property "any building except a church or a detached

⊘For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

dwelling house constructed for one family only, and not less than two stories in height, with a cellar, and costing not less than $4,000." Defendant appealed to this court.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Michael J. Joyce, of New York City (Almeth W. Hoff, of New York City, on the brief), for appellant.

Henry M. Dater, of Brooklyn (James O. Miller, of Brooklyn, on the brief), for respondents.

PUTNAM, J. It is now settled that such a 20-family apartment as defendant proposed building cannot be deemed "a detached dwelling house constructed for one family only." The purpose of these larger buildings is to accommodate several families, forming what Chancellor McGill called "a community house." Skillman v. Smatheurst (1898), 57 N. J. Eq. 1, 40 Atl. 855; see Rogers v. Hosegood [1902], 2 Chan. 388. Reformed P. D. Church v. M. A. Bldg. Co., 214 N. Y. 268, 108 N. E. 444, held the term "dwelling house" in the Murray Hill restrictions in Manhattan permitted an apartment house. But Judge Hiscock there pointed out (214 N. Y. 273, 108 N. E. 444) that if the covenant had said *private* dwelling house, meaning a building designed for occupation by "one family only," it doubtless would exclude an apartment house. See, also, Allen v. Barrett, 213 Mass. 36, 99 N. E. 575, Ann. Cas. 1913E, 820.

Appellant, however, contends that in Brooklyn, in 1898, the term "dwelling house" was used as opposed to a tenement house, and that, in framing the terms of this covenant, the type of large and luxurious apartments was not in mind. The proofs, however, show that such apartment houses were then well known, and indeed that the object of this covenant was to exclude such buildings from within this area.

The point is also made that the neighborhood has suffered such changes that it would now be inequitable to enforce the covenant. The Brighton Beach railroad tracks have since been depressed, and its right of way spanned by attractive bridges, and in other respects the residential character of the vicinage, especially to the north, has advanced since 1898, showing a progress the reverse of. that in Trustees of Columbia College v. Thacher, 87 N. Y. 311, 41 Am. Rep. 365, where elevated roads had invaded the streets. It is true that apartment houses have been going up in the surrounding streets, but this circumstance rather tends to support the owners in Beverly Square in setting a higher value upon the security of their restrictions, which have still 9 years to continue. Thompson v. Diller, 161 App. Div. 98, 146 N. Y. Supp. 438.

Finally, if it be conceded that these restrictions may now fit the lots in the midst of Beverly Square, such as those on East Sixteenth, Seventeenth, Eighteenth, and Nineteenth streets, it is argued that Ocean avenue, where on both sides large apartment houses are becoming more frequent, should be relieved from this covenant, so that the comparatively short frontage on the west side of Ocean avenue, acquired by defendant, might to advantage now yield its private residence character, and be given up to more profitable apartment buildings.

160 N.Y.S.—35

However, this would treat independently one portion of such a common building scheme, and fail to regard the mutual benefits from such a common general restriction for the greater privacy of the neighborhood. As was well said by Justice Kelby, the court cannot thus decree a radical change in one side of this restricted area, "to the clear damage of the residents who have kept the faith of this covenant implicitly."

I advise that this judgment be affirmed, with costs. All concur.