GREEN et al. v. GERNER et al. (No. 8922.)*

(Court of Civil Appeals of Texas. Galveston. March 25, 1926. Rehearing Denied April 22, 1926.)

1. **Injunction ⬳62(3).**

Owners of property in district restricted by deed to residence purposes may prevent violations of the restrictions by injunction.

2. **Covenants ⬳51(2)—Deed, providing that property was sold for residence purposes only, and no building other than one residence should occupy it, held to forbid erection of eight-family apartment.**

Deed, providing that property was conveyed for residence purposes only, and that no building other than one residence should occupy the land, *held* to forbid the erection of an eight-family apartment building.

3. **Covenants ⬳49.**

Language in restrictive covenants in deed should be given its ordinary meaning, and covenant enforced according to parties' understanding and intent.

4. **Contracts ⬳152.**

Words in an instrument are given their ordinary and commonly accepted meaning in arriving at understanding and intention of parties.

5. **Covenants ⬳108(2)—Not preventing erection of four or five duplex buildings and one apartment building which did not affect desirability of petitioners' property held not waiver of building restriction so as to allow erection of apartment adjacent to petitioners' property.**

Failure to prevent erection of four or five duplex buildings not in the blocks or on the street on which petitioners' property was situated, and one apartment building facing another street, *held* not to constitute waiver of building restrictions or estop petitioners from enjoining erection of an eight-family apartment building on adjoining property.

Appeal from District Court, Harris County; Roy F. Campbell, Judge.

Suit for injunction by Charles J. Gerner and others against Joe M. Green and another. From an order granting a temporary injunction, respondents appeal. Affirmed.

Vinson, Elkins, Sweeton & Weems, of Houston, for appellants.

Campbell, Myer & Simmons, of Houston, for appellees.

PLEASANTS, C. J. This suit was brought by appellees against appellants to restrain them from erecting an apartment building upon lots in the city of Houston near to property owned by appellees, and within an addition in said city set apart for residential purposes, and sold and conveyed by deeds containing restrictions as to the character of buildings that might be erected therein, which the petition alleges deprive appellants of the right to erect the building which they are preparing to construct in said addition.

The allegations of the petition need not be specifically here stated, as no question of its sufficiency is raised by appellants if the facts therein stated and proven upon the trial show that the building which appellants were undertaking to erect comes within the restrictions contained in the deeds under which appellees and appellants hold title to their respective premises.

The appellants answered by general demurrer, special exceptions, and general denial, and by special pleas of estoppel and waiver, the substance of which will be more fully hereinafter shown.

This appeal is from an order of the court granting appellees a temporary injunction upon a hearing had on appellees' application.

The following facts were shown on the hearing:

The appellees all own property in Roseland addition in the city of Houston fronting what was originally known as Myrtle street, and is now known as the extension of Montrose boulevard.

The appellees Charles J. Gerner and wife own lots 9 and 10, block 47, Roseland addition, and the appellee Eugene C. Dowman owns

lot 12 and the north half of lots 9 and 8 in block 46, and R. R. Ratliff, appellee, owns lot 10, part of 9 and 11 in block 46. The proposed apartment to be built by the appellant Joe M. Green is to occupy lots 6 and 7 in block 47 of said addition. The appellees have erected on their respective properties attractive homes, which are occupied by their families.

The deeds through which each of the appellees and the appellant Joe M. Green deraigned title to their respective lands, among other restrictions not material to this inquiry, contain the following restrictions:

"No business house, church house, school house, sanitarium, hospital, saloon, place of public entertainment, livery stable, resort or dance hall, or other place of business of any kind or character shall be erected or maintained on the property herein conveyed, or any part thereof.

"The property herein conveyed is sold for residence purposes only, and no building other than one residence with the necessary and appurtenant out buildings and improvements shall occupy the lots herein sold, and said improvements shall cost not less than $6,000."

There is no restriction on building in this addition other than that contained in the deeds, and no testimony of any restriction other than that contained in the deeds was introduced upon the trial of this cause.

The appellant Joe M. Green testified:

"The apartments in the house I contemplate building are to be four-room apartments. They have a living room, dining room, bedroom, and kitchen, bath and closets. Two down stairs to the right entrance, two down stairs to the left entrance, and four up stairs. There are four apartments on each floor. If you walk in the entrance and hold your hand above your head to the right is four and to the left is an exact duplicate of the four. With reference to the exterior of the house showing at a glance that there was small windows for bathrooms to match each other on the front and back sides, I would want to know at what angle before I answered that. With reference to the same angle that we look at the other buildings, that you could see up stairs and down stairs there was small windows for the bathroom, my answer is, you could tell it was an apartment house, or built for that purpose. I have not as yet determined what rent we would get for the apartments. I have estimated that. I figured the smallest amount we would get would be $75 per month."

The allegations of appellees' petition, with reference to said apartment, are as follows:

Plaintiffs allege that the defendant Joe M. Green and the Russell Brown Company, a contracting and building firm employed by the said Joe M. Green, in disregard of the aforesaid covenants, restrictions, and general plan, and in disregard of the rights of these plaintiffs, and each of them, and of all other lot owners in said addition similarly situated, have threatened to erect, and have actually commenced work on the foundation of, a building to contain eight apartments or flats, which said apartments or flats these plaintiffs are informed and believe are to be rented and leased to various and sundry persons.

Plaintiffs also allege that the construction of an apartment building, consisting of eight apartments or flats, or any other number, erected for rental purposes, is a direct and flagrant violation of the covenants and restrictions contained in the deed, and also of the general plan of the said addition.

[1-4] The evidence shows that appellees have erected costly homes on their respective premises, which will be made much less desirable and their value materially depreciated if appellants are permitted to construct the apartment house contemplated by them. The right of the owners of property in a restricted district to prevent the violation of the restrictions by injunction is well settled, and is not questioned by appellants.

Their contention is that restrictive covenants in deeds which deprive the owner of the free use of his property should be strictly construed against the maker of the deed, and that, when so construed, the restrictive covenants in appellants' deed do not prohibit the construction of an apartment building of the kind appellants are undertaking to erect. This contention is based on the theory that, because the appellants' apartment building is for residential purposes only, and is but one building, it is not obnoxious to the provision in the deed that "no building other than one residence with the necessary and appurtenant out buildings and improvements shall occupy the lots herein sold." Appellants cite cases from other states which support their contention, but we prefer to follow the line of cases which give to the language used in covenants of this kind the meaning in which it is ordinarily understood and interpreted, and upholds and enforces the contract as it was understood and intended by the parties thereto.

We quote from some of the cases which give what we consider the fair and reasonable interpretation of covenants of this kind:

In the case of Mayes v. Hale, 89 So. 364, 82 Fla. 35, the Supreme Court of Florida had before them for consideration a restriction to "one residence" wherein an injunction was sought to prevent the building of an apartment building. In stating and deciding the case the court say:

"A bill was brought to enjoin the erection of 'an apartment house containing 5 or 6 separate and distinct apartments, for 5 or 6 separate and distinct tenants or families,' upon a city lot covenanted 'to be used for residential purposes only, and only one residence is to be erected on each lot.' * * *

"If the erection of the apartment house is not a violation of the covenant that the lot is to be used for residential purposes only, it

is a violation of the covenant that 'only one residence is to be erected on each lot.' * * *

"While covenants relative to building restrictions should not be too strictly construed against the rights of the owner to use his property, yet such covenants, when valid, should be so interpreted as to give effect to the intent of the parties to the covenant.

"Considered in connection with the context, the covenant that only one residence is to be erected on each lot was clearly intended to confine the erections of residence buildings on the lots to residences for the usual collective family purposes, and not to apartment houses to be let to several separate families."

In the case of Killian v. Goodman, 201 N. W. 454, 229 Mich. 393, the Supreme Court of Michigan, in deciding the question of whether the erection of an apartment building was a violation of a covenant in defendant's deed which forbade the erection on the property of any building other than "a residence," says:

"Counsel for the defendants contends that the term 'residence' does not mean a single residence, but merely fixes the nature of the use of the property for residence purposes as distinguished from business or manufacturing purposes, and that it means a single home, a 2-family, 4-family, or a 33-family apartment. We think counsel is wrong. * * *

"The letter 'a' has some significance before the word 'residence.' A horse means one horse, a single horse; it does not mean a team or 33 horses. So a residence means one residence, a single residence, not 33 residences. Giving to the words used in these restrictions their ordinary commonly understood meaning, 'a dwelling house' means one single dwelling house, and 'a residence' means one single residence. * * *

"The defendants' conveyances restrict the use of his lots to 'a residence,' and therefore prohibit the erection of a 33-family apartment house."

The same court, in the case of Harris v. Roraback, 100 N. W. 391, 137 Mich. 292, 109 Am. St. Rep. 681, holds that a restriction to "one dwelling house to each lot" would be violated by the construction of a duplex residence, one apartment on the first floor and one on the second.

The Supreme Court of Massachusetts, in the case of Powers v. Radding, 113 N. E. 782, 225 Mass. 110, in construing a restriction which confines the use of the property to "one dwelling," says that the word "dwelling" there used defines the use to which the building must be put, not simply its form, and that under such restriction a house could not be erected under one roof to be used for the separate residence or dwelling place of two or more families.

We do not think that an apartment building containing several apartments designed and constructed for use as separate and distinct places of residence for separate families can be regarded as a "one residence" building, as that term is used in the covenant contained in appellant's deed, without doing violence to the cardinal rule of construction that the words used in an instrument should be given their ordinary and commonly accepted meaning in arriving at the understanding and intention of the parties in executing the instrument.

The Supreme Court of New Hampshire, in the case of Gillis v. Bailey, 21 N. H. 149, holds that a restrictive covenant providing that only one dwelling house shall be erected on each lot conveyed by the deed is violated by the construction of a building designed to furnish dwellings for six families, although so constructed that each of the six tenants had access to the others, and all parts of the building, through doors. That court held this means of intercommunication between the six apartments was a mere subterfuge to evade the force and effect of the covenant.

As we have before said, there is a line of cases from other states which support appellants' contention that restrictive covenants in deeds should be strictly construed against the maker of the deed in favor of the free use of property by the owner, and that under this rule of construction a covenant restricting the building to be erected on the property to a residence or dwelling should not be construed as prohibiting the erection of a building containing any number of apartments to be used for residence purposes. This is the holding of the highest courts in the states of Illinois, New York, Kentucky, and several other states, and probably of a majority of the states in which the question has been adjudicated. But we think the holding in the opinions from which we have quoted is supported by the sounder reasoning, and should be followed by our courts.

[5] Appellants pleaded appellees had waived their right to require appellant Green to conform to the covenant in his deed by not preventing the owners of other lots in the addition from constructing duplex or apartment houses on lots owned by them in the addition, the deeds to which contain the same restrictive covenant as that in appellant's deed. They also pleaded that by the acquiescence of appellees in the use of other lots in the addition for apartment buildings the addition had lost its exclusive residential character, and appellant's lots had become less valuable as residence lots, and appellees were now estopped to insist upon the appellant's conforming to the restriction contained in his deed.

The evidence shows that four or five duplex buildings and one building containing four apartments had been erected and were in use in the addition. None of these buildings, however, were in any of the blocks or on the street on which appellees' property is situated, and there is no evidence that the presence of these buildings affect the value or desirability of appellees' property or that of ap-

283 SOUTH WESTERN REPORTER

pellant. We do not think the evidence raises the issue of waiver or of estoppel.

The following quotation from 18 Corpus Juris, p. 403, states the rule applicable to the facts of this case:

"But where violations have not been permitted to such an extent as to evidence an abandonment of the plan, a grantee will not be prevented from objecting to further violation by the fact that he has not objected to previous violations by others, particularly where such violations did not immediately affect the enjoyment of his own premises, or where they were trivial in character as compared with those complained of."

The following remarks of the Supreme Court of Michigan, in the case of De Galan v. Barak, 193 N. W. 812, 223 Mich. 378, aptly apply to the facts of this case:

"Violations in other blocks and on other streets did not require plaintiffs to run to court to prevent them, or, for failure to do so, remain supine when other and nearer violations of the restrictions threatened them with direct financial injury."

From what we have said it follows that in our opinion the judgment should be affirmed, and it has been so ordered.

. Affirmed.

## On Motion for Rehearing.

The statement in our original opinion that none of the duplex or apartment buildings erected in the restricted district prior to the institution of this suit "were in any of the blocks or on the street on which appellees' property is situated" is inaccurate, in that the evidence shows that a four-room apartment house had been erected in block 46, which is in the block in which the residences of three of the appellees are situated. This apartment house is behind the residence of the appellees situated in this block, fronts on a back street, has the appearance of a private residence, is not shown to have in any way interfered with the enjoyment by appellees of their homes, or rendered such homes less valuable or desirable as residences. Such former violation of the restrictive covenant in the deeds to their property being trivial in character as compared with that of which appellees now complain, the appellees' failure to prevent it cannot, upon any sound principle of law or equity, be held a waiver by them of the covenant in their deed, or estop them from asserting their right to protect their homes against the damage which will be caused by appellants' construction of their apartment building.

After duly considering the motion for rehearing, we adhere to the conclusions expressed in our original opinion, and refuse the motion.