HAMM *v.* WILSON *et al.*

No. 6979. DECEMBER 13, 1929.

*Spence & Spence,* for plaintiff in error.

*Leon S. Tomlinson,* contra.

RUSSELL, C. J. 1. "The restriction, 'for residence purposes,' as contained in the deed involved in this case, does not prohibit the erection of apartment-houses used exclusively for residence purposes." *Courtney* v. *Hunter,* 159 *Ga.* 321 (125 S. E. 714), and cit.

2. A restrictive covenant in a deed of conveyance, stipulating that "the lot shall not be subdivided, and only one residence shall be erected on each lot," is not broken by the building of a separate dwelling-house on either lot, although the dwelling-houses on the two separate lots both join a brick party-wall built on the line between said lots. *Hamm* v. *Wilson,* 168 *Ga.* 670 (148 S. E. 593). The deed here in question contains no provision debarring the purchaser of the lots from building up to the dividing line of each lot; so there is no breach of the covenant that "only one residence shall be erected on each lot."

3. The judge of the superior court based his ruling in this case upon the ground that an apartment-house is more than one residence, and therefore the restriction mentioned above would be violated by the erection of an apartment-house. In *Hamm* v. *Wilson,* supra, this court held that an apartment-house consisting of more than one section was nevertheless a residence, and that a provision restricting the use of a lot to residence purposes was not violated by the erection of one or more residences for use by different occupants, although the building as a whole was covered by the same roof. A restriction that "only one residence shall be erected on each lot," under a well-settled rule, will not be extended beyond its plain meaning. The language of the restriction in this case makes no reference to anything except the nature of the building and the limitation of one building on each lot. An apartment-house is only one building. It is a residence building only, designed, it is true, for the occupancy of more than one resident, but the entire building is restricted to residential purposes; and if the grantor had so desired, a restriction could easily have been framed which would have debarred the erection of an apartment-house upon any or all of the lots.

4. The court erred in granting the injunction.

*Judgment reversed. All the Justices concur, except*

HINES, J. dissenting. A statement of the facts of this case is necessary to a clear understanding of the question involved in the proper decision thereof. A tract of land was subdivided into lots for residences, and was named Highland Park Subdivision. These lots were laid out and sold under a general scheme under which their use was subject to certain restrictive agreements. Two of these restrictions were: (1) that these lots "shall be used only for residential purposes, and no business house or structure other than a residence and its necessary outbuildings shall be erected thereon," and (2) that a "lot shall not be subdivided, and only one residence shall be erected on each lot." J. C. Hamm acquired lots 1 and 4 in block C of said subdivision. In his deeds to said lots the above restrictions are embraced. These lots adjoin each other. Lot 1 fronts on the southwest corner of Highland and Southview Avenues, and extends back from Highland Avenue along Southview Avenue to lot 4, which fronts 55 feet on Southview avenue, and extends southward 194.8 feet. Hamm was preparing to erect an apartment-house on lot 1 and to extend back on lot 4. In erecting said apartment-house he contemplated separating the building into two sections by a wall built on the boundary line between the two lots, and to have a separate entrance to said sections from the above avenues.

The owners of other lots in said subdivision, who purchased their lots under said general scheme and who would be affected by the erection of this building, filed their petition to enjoin the same, because the erection thereof violated the above restrictive covenants. The trial judge granted an injunction restraining the erection of the building, and the defendant excepted.

The restriction that these lots shall "be used only for residential purposes" does not prohibit the erection of apartment-houses on such lots, used exclusively for residences. *Courtney* v. *Hunter*, 159 *Ga.* 321 (125 S. E. 714). But the second restriction, that a lot in said subdivision "shall not be subdivided, and only one residence shall be erected on each lot," when construed in connection with the first restriction, prohibits the erection on a lot in said subdivision of a duplex or apartment-house, the apartments being intended to be used by tenants as separate residences. The language in the second restriction, that "only one residence shall be erected on each lot," prohibits the erection of any building except a dwelling-house for a single family. In a lease under which the demised

premises should be used "strictly as a private dwelling," the premises could not be used as a boarding-house. Gannett *v.* Albree, 103 Mass. 372. There is a very broad distinction between a private residence and a flat or apartment-house. Where the covenant provided that the premises conveyed should not be used for any other purpose than a private dwelling, or private dwellings, such covenant prohibited the erection of a three-story flat with five rooms on a floor suitable for three families. Skillman *v.* Smathehurst, 57 N. J. Eq. 1 (40 Atl. 855). In Rogers *v.* Hosegood, 2 Ch. 388, 69 L. J. Ch. 652, it was held that a covenant that every house to be erected should be adapted for and used as and for a private residence only is broken by the erection of a block of residential flats. In Levy *v.* Schreyer, 27 App. Div. 282 (50 N. Y. Supp. 584), it was held that a building constructed so that it can be occupied by three families living separate and apart is not a private dwelling within the provision of a covenant not to erect any tenement-houses or any houses except private dwellings. In Koch *v.* Gorruflo, 77 N. J. Eq. 172 (75 Atl. 767, 140 Am. St. R. 552), it was held that "A covenant prohibiting anything but a private residence is violated by the erection of a flat, apartment or community house, designed and intended for occupancy by two or more families." The view has been taken in a number of cases, that a restriction against any building except "one" or "a" dwelling-house prohibits any building except one designed for a single family. Thus, "A restriction in a deed that the premises shall not be occupied 'except for one dwelling-house to each lot,' is violated by the erection of a two-story building designed for two dwellings, one to occupy the ground floor and one the second floor, and each to have a separate entrance." Harris *v.* Roraback, 137 Mich. 292 (100 N. W. 391, 109 Am. St. R. 681).

A condition in the conveyance of lots on a tract of residence property, that no building other than a dwelling-house shall be erected on the lot, prohibits the construction of a double house on the lot, although it is under one roof with a single front entrance. Schadt *v.* Brill, 173 Mich. 617 (139 N. W. 878, 45 L. R. A. (N. S.) 720). A covenant not to erect any dwelling-house of less than a certain value means that no building shall be erected except a single dwelling-house, and prohibits the erection of a duplex or two-family residence. Kingston *v.* Busch, 176 Mich. 566 (142 N. W. 754). A

covenant against anything but a two-story dwelling-house means one two-story dwelling-house designed and used for a single dwelling, and prohibits a two-story flat or dwelling-house building designed and intended for two families. Bagnall v. Young, 151 Mich. 69 (114 N. W. 674). A covenant against the erection of more than one dwelling on each lot prohibits a three-story apartment-house or flat building, containing seven separate suites on each floor, each with a separate entrance. Sanders v. Dixon, 114 Mo. App. 229 (89 S. W. 577); Thompson v. Langan, 172 Mo. App. 64 (154 S. W. 808). In Gillis v. Bailey, 17 N. H. 18, s. c. 21 N. H. 149, it was held that "A condition in a deed of land, that only one single dwelling-house or store shall be erected thereon, is broken by the erection of a building containing several tenements designed for the use and occupation of separate families." "Where lots were sold from a tract with restrictions indicating a general scheme and purpose to create a residential section, the words "but one dwelling-house shall be erected thereon" defined the use to which that dwelling should be put, and not merely the form of a structure; so that the restriction does not permit of more than one dwelling under a single roof, or the erection of a structure designed to include more than one." Powers v. Radding, 225 Mass. 110 (113 N. E. 782). Where all the lots of a subdivision were conveyed subject to a covenant that the owner should not construct or allow to be constructed more than one dwelling-house on each fifty-foot lot, a person who purchased a lot with knowledge of the covenant could not erect a flat building thereon, accommodating a number of families, under one roof in separate apartments, the purpose of the covenant being to insure the residential character of the neighborhood, and the expression "dwelling-houses" is equivalent to "dwelling," meaning the home of one family. Bolin v. Tyrol Inv. Co., 178 Mo. App. 1 (160 S. W. 588). Where deeds require the erection of but one building, or residence, on each lot, they preclude the erection of double or two-family houses or flat-buildings. Dollard v. Whowell, 174 App. Div. 403 (160 N. Y. Supp. 544); Brigham v. Mulock Co., 74 N. J. Eq. 287 (70 Atl. 185); Kenwood v. Hancock Investment Co., 169 Mo. App. 715 (155 S. W. 861); 18 C. J. 381, § 452, (3). A covenant against the erection of more than one house is violated by a double tenement house, one tenement on each floor, each distinct and complete

in itself, and with no internal communication, and with separate approaches from the street. Ilford Park Estates v. Jacobs, 2 Ch. (Eng.) 522. Under a covenant that one house only shall be erected on a lot, an apartment-house can not be erected. Arnoff v. Chase, 101 Ohio St. 331 (128 N. E. 319). Where property is restricted to be used for residential purposes only, and limited to one residence on each lot, the erection on a lot of an apartment-house consisting of five or six separate and distinct apartments for five or six separate and distinct tenants or families is a breach of such covenant. Mayes v. Hale, 82 Fla. 35 (89 So. 364). A provision that no building other than one residence shall be erected has been held to preclude the erection of an eight-family apartment. Green v. Gerner (Tex.), 289 S. W. 999. The erection of a thirty-three family apartment-house violated a restriction prohibiting any building other than a residence. Killian v. Goodman, 229 Mich. 393 (201 N. W. 454). A covenant against any building except "a dwelling-house" or "one dwelling-house" or "a dwelling" will be broken by the erection of structures designed for a multiple residence. DeGalan v. Barak, 223 Mich. 378 (193 N. W. 812); Library Neighborhood Asso. v. Goosen, 229 Mich. 337 (201 N. W. 219). Likewise a covenant against any but two-story dwelling-houses has been held to prohibit the erection of a two-family flat. Harley v. Zack, 217 Mich. 549 (187 N. W. 533). A restriction that no building shall be erected except a single dwelling-house prohibits the erection of an income bungalow. Bunce v. Jones, 238 Mich. 337 (213 N. W. 125). In Walker v. Haslett, 44 Cal. App. 394 (186 Pac. 611), it was held that "A building planned and designed for the residence or place of abode of two families can not properly be described as one residence." In support of this they cite many of the cases hereinbefore referred to.

While there are cases which hold the contrary, the majority of the cases are in harmony with the decisions to which reference has been made above. Furthermore, the conclusion reached in these opinions is supported by sound reasoning. The first of the restrictive covenants with which we are dealing provides that these lots shall be used only for residential purposes, and the second provides that "only one residence shall be erected on each lot." Under these covenants, and especially under the second, it is unreasonable to hold that a building constructed and intended to be used as

separate and distinct residences does not fall within the restriction that "only one residence shall be erected on each lot." But it is insisted that the present case comes within the ruling made in *Hamm* v. *Wilson*, 168 *Ga.* 670 (148 S. E. 589), and that the decision in that case contravenes this construction of these covenants. In that case the defendant did not erect the building which the plaintiff claimed was prohibited by the covenants which we have been considering. On the contrary the building was on the lot when the defendant purchased it, and was occupied by the same two families that resided therein when the plaintiff purchased his lot. In that case it was held that the court was authorized to find that the defendant had not violated the restriction as alleged, that he had not erected the building, and that the building had been erected prior to the purchases of both the plaintiff and the defendant, with full knowledge of the former. Under these facts the decision was sound law; but the facts in the case at bar are different from those upon which that decision was based. So I feel constrained to dissent from the principles announced in the second, third, and fourth, divisions of the opinion of the court.