Joe C. FARMER and Ann C. Farmer,
Plaintiffs in Error,

v.

John W. TREPP et al., Defendants in Error.

No. 39860.

Supreme Court of Oklahoma.

Nov. 28, 1962.

Crowe, Thieman & Froeb, Tulsa, for plaintiffs in error.

Charles A. Whitebook, LeRoy Blackstock, Windell D. Knox, Tulsa, for defendants in error.

BERRY, Justice.

The parties who appear here in reverse order to their appearance below, will be referred to herein as they appeared below or by name.

In 1950 a plat covering an 80-acre tract lying in Tulsa County, Oklahoma, was recorded. The plat subdivided the area into four business lots and 60 residential lots, each of which latter lots was approximately 155 feet wide and 260 feet ·deep. In the dedication deed which was executed and recorded in connection with the plat, a number of restrictive covenants were set forth.

The only such covenant that is in controversy reads thusly:

"(A) All lots in the tract shall be known, described, and used as residential lots, except Lots 1 and 2, Block 1, and Lots 1 and 16, Block 4. No structure shall hereinafter be erected, altered or placed on any residential building lot to exceed two stories in height, and a private garage for not more than two cars and other subsidiary building."

Following recording of the plat and deed, the area was promptly developed for residential purposes. Johansen, the developer, by advertisements in newspapers, stated that only one residence could be constructed on each residential lot and salesmen so orally advised prospective purchasers and purchasers. In the summer of 1952, the developer caused deeds to such lots to provide that but one residence could be built on each lot and many of the contracts of sale carried a like provision. It appears that 24 deeds executed by the developer carried the mentioned restrictive covenant and that the others did not.

Mr. Farmer, one of the defendants, purchased and resold several residential lots in the area. In several of the deeds to Mr. Farmer it was provided that the lot was restricted to one residence only and upon Mr. Farmer's reselling several lots he caused a similar provision to be inserted in the deed. Such a provision was inserted in the defendants' deed to Richard W. and Marydeene Gustine who were among the plaintiffs below. It further appears that in making a number of the sales that Mr. Farmer made, he orally advised the purchasers of the mentioned restriction.

The lot upon which defendants proposed to build two residence buildings is (residential) Lot 7, Block 5 of the addition. In the deed to the original purchase of this lot it was stated: "Restricted to one residence only on this tract."

Only one residence has been built on each lot in the addition.

Defendants admit that there was a general plan to develop the area for residential purposes and the record clearly shows that it was generally understood that only one residence should be constructed on each lot.

Defendants were of the opinion that there was no valid covenant restricting the number of residences on the described lot to one residence and began construction of an additional residence thereon.

Plaintiffs, who own lots and reside in the addition, instituted the instant action to enjoin defendants from building an additional residence. Their action was premised on the proposition that the quoted restrictive covenant or other covenants, served to restrict the lot to one residence. As indicated defendants based their defense on the proposition that their lot was not burdened by a restriction as to the number of residences that could be built thereon.

Following trial of case to the court, judgment was entered in favor of plaintiffs enjoining defendants from constructing an additional residence on Lot 7, Block 5. From order denying defendants' motion for new trial, defendants perfected this appeal.

In support of their petition in error defendants contend that (a) "The Express Covenant relied upon does not prohibit the proposed construction"; that (b) "Inconsistent subsequent acts do not prove the existence of a general plan, nor modify an existing plan"; that (c) "Where there is a general plan, it is the restrictive covenants contained in the deed of dedication that are enforceable, and not something in addition thereto, created by parol and existing by implication." Plaintiffs counter the contentions so made.

In support of their contention that the restrictive covenant set forth in the dedication deed does not prohibit the building of more than one residence on each of the several residential lots in the subdivision, defendants cited Deutsch et al. v. Mortgage Securities Co. et al. (1924), 96 W.V. 676, 123 S.E. 793, where it was held that a covenant which provided that "No dwelling

house shall be built upon the said lot except a one family house" did not prohibit the building of two such houses.

A conclusion opposite to that of the cited case was reached in Killian et al. v. Goodman et al., 229 Mich. 393, 201 N.W. 454. It was there held that the restriction to the effect that "no store, factory or building of any nature other than a residence shall be erected on said premises" limited the number of residences that could be constructed thereon to one. In the body of the opinion this was said:

"* * * We think counsel is wrong. In Schadt v. Brill, 173 Mich. 647, 139 N.W. 878, 45 L.R.A. (N.S.) 726, this court held that the words 'a dwelling house,' used in a restrictive covenant, mean a single dwelling house. If a dwelling house means a single dwelling house, why does not a residence mean a single residence? The letter 'a' has some significance before the word 'residence.' A horse means one horse, a single horse; it does not mean a team or 33 horses. So a residence means one residence, a single residence, not 33 residences. * * *"

See also Kingston et al. v. Busch et al., 176 Mich. 566, 142 N.W. 754, where it was held that a restrictive covenant in a deed to a lot which prohibits the erection of "any dwelling house", of a value less than $2,000, made in view of a general plan of improvement of a large number of lots, prohibited the erection of a duplex.

In the restrictive covenant heretofore quoted, it was provided that "all lots in the tract shall be known, described and used as *residential lots,* except (certain business lots). No structure shall be hereafter erected, altered or placed on any *residential building* plot (lot) to exceed" etc.

What connotation did the grantor of dedication deed intend that interested persons place on the covenant, particularly the phrases thereof that are above italicized, and what connotation did purchasers of residential lots in the area place thereon? In view of the fact that for the past several years it has been a common practice to subdivide a large area into large residential lots to be devoted to a single residence building and auxiliary buildings, and the further fact that if as many residences were built on each lot as the area thereof would accommodate, it would tend to make the area undesirable for residential purposes, it is apparent that the grantor, who was the developer, intended that the covenant be construed as plaintiffs and a majority of other interested persons construed it. This is borne out by verbiage used by the developer in articles that advertised the lots for sale; by oral representations of those selling the lots; by provisions of a number of deeds executed by the developer and by provisions of several deeds executed by those who resold lots; by provision of a number of contracts of sale and by fact that only one residence has been built on each residential lot.

■■ To our way of thinking, the covenant under consideration was ambiguous as to number of residences that could be placed upon each lot and for said reason was open to construction. It is settled law in this jurisdiction that the practical construction placed upon an ambiguous agreement by interested parties will be given great if not controlling weight. See cases cited following ■■■■ Contracts, Vol. 4, Pt. 1, West's Okl.Dig. This rule has been applied in construing ambiguous covenants. See 21 C.J.S. Covenants § 21, p. 897.

■ As pointed out, Mr. Farmer by word of mouth and by the restrictive covenant that defendants caused to be placed in deeds which they executed, show that they construed the covenant as restricting the number of residences on each residential lot to one. And, as pointed out, such appears to have been the construction placed thereon by a majority of the interested parties.

The construction so placed on the covenant was permissible and reasonable and we, therefore, follow and apply it. We are, therefore, of the opinion that in rendering

judgment for plaintiffs the trial court did not err.

For reasons stated, the judgment of the trial court is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.