## TEAGAN *v.* KEYWELL.

1. COVENANTS—DEEDS—BUILDING RESTRICTIONS — RESIDENCE PURPOSES—DWELLING HOUSE.

   A conveyance of a city lot with the restriction that it should be used for residence purposes only, does not exclude the erection of a 41-apartment building; there being a clear distinction between a restriction for "residence purposes only," and one confined to a "dwelling house."

2. MUNICIPAL CORPORATIONS—BUILDING CODE—DISTANCE FROM LOT LINES.

   Where a proposed 41-apartment building on an interior lot receives no legal light from the rear yard, and has no windows in the side walls, the placing of the rear wall within 2 feet of the 20-foot alley, and the placing of the side walls on the lot lines, *held*, not in violation of the provisions of the State housing code (Act No. 326, Pub. Acts 1919, § 12, Art. 2, Tit. 1) or the building ordinances of the city of Detroit.

3. COVENANTS—BUILDING RESTRICTIONS—ESTOPPEL.

   Where all the residents of a subdivision except one violated the restrictive covenant in the deed against building on the 50-foot area from the front lot line, and plaintiffs themselves violated it and sat by and saw others violate it without protest, they cannot now complain of defendant's extending his porch 8 feet and 6 inches into said restricted area.

Appeal from Wayne; Root (Jesse H.), J., presiding. Submitted October 6, 1920. (Docket No. 27.) Decided December 21, 1920.

Bill by William Teagan and others against Henry C. Keywell to enjoin the violation of certain building restrictions. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*James H. Pound,* for plaintiffs.

*A. W. Sempliner,* for defendant.

STONE, J.   The plaintiffs by their bill of complaint herein seek to enjoin the erection by defendant of an apartment building on the north side of West Grand boulevard, between Lawton and Linwood avenues, in the city of Detroit.   The case is here upon the appeal of plaintiffs, the court below having dismissed the bill of complaint.   Counsel for plaintiffs and appellants has failed to comply with Rule No. 40 of this court, in that the brief does not contain a concise statement of the facts of the case distinct from argument and of the errors upon which plaintiffs rely, the questions involved and the manner in which they are raised.   We have felt at liberty, therefore, to look into the brief of the defendant and appellee for such statement.   The plaintiffs own property on the north side of the boulevard named, between Lawton upon the west and Linwood upon the east, length of block being about 860 feet.   In the deeds of plaintiffs' property, as well as in the deed of the defendant, are the following building restrictions:

"It is a condition and restriction of this conveyance, accepted by the parties of the second part, and to bind all future owners, that no building shall be erected on said premises except for residence purposes only, which shall be at least two stories in height and shall cost at least $2,500, and set at least fifty (50) feet back from the front lot line."

Defendant's land is 70 feet wide and 204.75 feet in depth.   In the rear of this property there is a 20-foot alley.   The boulevard in front of the property is 150 feet wide.   In this block, between Linwood and Lawton avenues, the evidence shows that there is only one building that does not violate the restrictions and extend into the 50-foot restricted area.   Two of them

have inclosed porches. Starting at Linwood upon the east, the first house, including the steps, extends into the restricted area 12 feet 6 inches; without the steps it extends into the restricted area 8 feet. The next contemplated house is the apartment house of the defendant. According to the plans and specifications it extends into the restricted area 8 feet 6 inches. The next is the property of the plaintiffs Teagan, the porch of which extends into the restricted area 9 feet 4 inches, and the steps 4 feet 6 inches more. The next extends into the restricted area 8 feet. The next extends into the restricted area 8 feet 5 inches, and the steps 4 feet 10 inches. The next extends into the restricted area 8 feet without the steps. The next extends into the restricted area 8 feet 10 inches, according to the testimony. The next does not extend into the restricted area. The next is an 8-apartment, 3-story building extending into the restricted area 9 feet 3 inches; the basement porch is built in all around and inclosed. The next extends into the restricted area 8 or 9 feet. The next is the Alsace-Lorraine apartment, a 33-apartment building, which has four porches and extends into the 50-foot building line 9 feet; the porches are inclosed porches built around windows the same as in the defendant's proposed building. The last-named building was built since the plaintiff moved into the locality. In fact, the building of it was started the winter before the commencement of this suit.

The defendant's building is a 41-apartment, 4-story building, on his lot which adjoins that of the plaintiff Teagan on the east. The building covers the entire width of the lot and extends back to within two feet of the alley, and in front is set back 50 feet from the front line of the lot, with the exception of the porches, which extend 8 feet 6 inches nearer the front lot line. Defendant's proposed building has no windows on either the east or west sides, which are the side

walls of the building. It receives its light there from three courts or basins extending into the building proper. It has no windows for its legal light in the rear, receiving the light there from courts the same as on the side. The plans of defendant's building were submitted to the board of health of Detroit and to the department of safety engineering and buildings. The plans were approved by the board of health and by the building department of the city of Detroit.

At the time the bill of complaint was filed herein the defendant had commenced the erection of the building and the excavating had been done. The front basement walls were in and also the side walls, and nearly all the contracts for the remainder of the construction had been let. The plaintiffs filed their bill of complaint seeking to restrain the erection of the building on three grounds:

(1) That the proposed building was a violation of the restrictive covenants contained in the deed.

(2) That the building as planned did not conform with the housing code of the State, and the building ordinances of the city of Detroit.

(3) That the inclosed porches violated the restrictive covenant of the deeds in reference to building nearer than 50 feet from the front lot line.

The case was heard below upon the pleadings, and proofs taken in open court, and, as we have said, the plaintiffs' bill of complaint was dismissed. The learned circuit judge who heard the case below viewed the premises. The court below, after hearing the testimony in the case and the arguments of counsel, found:

(a) That the defendant was not violating the building restrictions.

(b) That the defendant was conforming to the building laws of the State of Michigan and of the city of Detroit.

(c) That all the residents of the subdivision, in-

cluding the plaintiffs, had in erecting the buildings upon their lots violated the restrictions to erect the buildings at least 50 feet back from the front line of the lot; that the plaintiffs had, without protest, permitted other owners in said subdivision to erect on their lots buildings which were not set back at least 50 feet from the front line of the lots, and which buildings were constructed in the same manner as that proposed by the defendant; and that the building of the defendant sits back 50 feet from the front lot line, and that only the porches extend beyond, and that this is in accordance with the construction placed upon the building restrictions by the residents of the subdivision.

(1) The first contention of the plaintiffs is that the restrictive covenant in the deed forbids the erection of an apartment house. Counsel has cited the following cases, all of which we have examined: *Hammond* v. *Hibbler*, 168 Mich. 66; *Schadt* v. *Brill*, 173 Mich. 647 (45 L. R. A. [N. S.] 726); *Moore* v. *Curry*, 176 Mich. 456; *Misch* v. *Lehman*, 178 Mich. 225; *Stewart* v. *Stark*, 181 Mich. 408; *Casterton* v. *Plotkin*, 188 Mich. 333; *Sherrard* v. *Murphy*, 193 Mich. 352; *Davison* v. *Taylor*, 196 Mich. 605; *Andre* v. *Donovan*, 198 Mich. 256; *Hartwig* v. *Grace Hospital*, 198 Mich. 725; *Rosenzweig* v. *Rose*, 201 Mich. 681; *Baxter* v. *Ogooshevitz*, 205 Mich. 249.

In our opinion many of these cases are not at all decisive of the questions that we are here considering. We think, however, that the case of *Casterton* v. *Plotkin, supra,* has an important bearing upon the instant case. There, as here, the restriction was that the lot should be used for "residence purposes only." The first two head-notes of that opinion are as follows:

"A conveyance of a city lot with the restriction that it should be used for residence purposes only, * * * did not exclude the erection of an apartment house; and no further or different limitations to those expressed in the deed might be implied.

"Such restrictions are construed strictly against the grantor and those claiming to enforce them, all doubts being resolved in favor of the free use of the property."

In reversing the decree in that case and dismissing the bill of complaint this court said:

"Complainants have failed to establish a proposed violation by defendant of any of the restrictive covenants in his chain of title, or to clearly show that subsequent events have by legal implication imposed additions to such original restrictions. Courts of equity do not aid one man to restrict another in the use to which he may put his property unless the right to such aid is clear."

It will be noted that in *Rosenzweig* v. *Rose, supra,* the restriction was "the said party of the second part further agrees that he will not occupy said premises except for a dwelling house." This court held that the words "dwelling house" meant a single dwelling.

In addition to *Schadt* v. *Brill, supra,* we may add the cases of *Harris* v. *Roraback,* 137 Mich. 292, and *Bagnall* v. *Young,* 151 Mich. 69. All that need be said in addition to this reference is that there is a clear distinction between a restriction that property shall be used for "residence purposes only" and one where the restriction is confined to a "dwelling house." We think this question is controlled by *Casterton* v. *Plotkin, supra,* and that under the restriction defendant had a right to build a 41-apartment building upon the premises in question.

2. It is next contended by plaintiffs that the proposed building violates the housing code of the State of Michigan and the building ordinances of the city of Detroit. We think this question is controlled by the statute. By Act No. 326, Public Acts 1919, it is provided in section 1 of article 1 that:

"This act shall be known as the housing law of Michigan and shall apply to every city and organized village in the State which, by the last regular or spe-

cial federal census, had a population of ten thousand or more, and to every such city or village as its population shall reach ten thousand thereafter."    *    *    *

The evidence shows that the lot in question is an interior lot. By section 12, article 2, title 1, of the act referred to, it is provided:

"Immediately behind every dwelling hereafter erected there shall be, except as hereinafter provided, a rear yard extending across the entire width of the lot.    *    *    *    In the case of an interior lot the rear yard space shall in no case be less than sixteen feet deep for a one-story dwelling, eighteen feet for a two-story dwelling, twenty feet for a three-story dwelling, twenty-four feet for a four-story dwelling, and shall be increased in depth by four feet for each additional story of the dwelling above four stories, except that in case there is a public alley in the rear of said lot upon which the lot abuts for its full width, the measurement for yard space may be made up to the center of such alley.    *    *    *    The above requirements for rear yards, however, may be decreased by one-half provided that there is no room of the dwelling which receives its legal light from such rear yard."

We think it may be stated from the evidence in the case that this building receives no legal light from the rear yard, so that the requirements of said section for a rear yard of 24 feet may be reduced to 12 feet, and it seems it was so reduced when the board of health and department of buildings issued the permit, there being a 20-foot alley in the rear. Under the statute the rear yard is measured to the center of the alley. The building proper is erected 2 feet off the alley line, and measured to the center of the alley the rear yard space is 12 feet, and is in strict compliance with the requirements of the statute, which we think is controlling here.

It clearly appears that the defendant's proposed building has no windows at all on the side lot lines, but the light is received from courts. The construc-

tion seems to be in compliance with section 13 of the statute already referred to, following section 12 above quoted from. It reads as follows:

"Dwellings hereafter erected may be built up to the side lot line, if the side wall is without windows." * * *

3. It is further urged by plaintiffs that the defendant has violated the restrictive covenants in the deed by building inclosed porches closer to the front lot line than 50 feet. It is admitted that the porches do extend 8 feet 6 inches into this restricted area. In the entire block between Lawton and Linwood, according to the testimony of one of the plaintiffs, as we have already said, there is just one house that does not extend into the 50-foot restricted area. Plaintiffs' buildings extended within that restricted area. Two of the houses, including the large one, the Alsace-Lorraine, have closed porches in the same manner as the defendant. Under the evidence it seems that plaintiffs sat by and said nothing against the erection of these buildings. The Alsace-Lorraine apartment with its inclosed porches was not finished when this case was begun, yet there seems to have been no complaint made in regard to it.

The learned trial judge filed a written opinion in the case to which we refer, and from which we quote as follows:

"I am of the opinion that the erection of this apartment house with inclosed porches does not violate the restrictive covenant in the deed any more than have the plaintiffs in this case, and any more than have all the other residences of this subdivision, with the exception of one who stayed outside of the 50-foot limit. As has been heretofore pointed out, all of the residents, including the plaintiffs in this case, have gone beyond the 50-foot limit, and in my judgment are not in position to now claim, having acquiesced in the erection of other buildings in this same subdivision in the same block, and having violated that restrictive covenant

themselves, to now claim that the defendant in this case has no right to do so."

The mere glassing in of the porches of the plaintiffs and other parties would put their buildings in the same position as the defendant's. We have examined the record with much care, as well as the briefs of counsel, and while we have not discussed all of the points urged by plaintiffs' counsel in his brief, we have considered what we think are the important and controlling questions in the case, and are of the opinion that the case was properly disposed of by the court below.

The decree of the circuit court is affirmed, with costs to the defendant.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred.