## COURTNEY et al. v. HUNTER et al.

GILBERT, J. 1. The restriction "for residence purposes," as contained in the deed involved in this case, does not prohibit the erection of apartment-houses used exclusively for residence purposes. McMurtry v. Phillips, 103 Ky. 308 (45 S. W. 96, 40 L. R. A. 489); Schadt v. Brill, 173 Mich. 647 (139 N. W. 878, 45 L. R. A. (N. S.) 726, 728 and note); Teagan v. Keywell, 212 Mich. 649 (180 N. W. 454); Struck v. Kohler, 187 Ky. 517 (219 S. W. 435).

2. Under the evidence the court was authorized to hold that the defendant was not violating the restriction in the deed with reference to "barns, servants' and other outhouses," by the erection of "garages" to be used merely for storing the private cars of occupants of the apartments to which they appertain. See Riverbank Improvement Co. v. Bancroft, 209 Mass. 217 (95 N. E. 216, 34 L. R. A. (N. S.) 730, note, Ann. Cas. 1912B, 450).

3. The judgment refusing to grant an interlocutory injunction was not erroneous. *Judgment affirmed. All the Justices concur.*

No. 4403. OCTOBER 20, 1924. REHEARING DENIED DECEMBER 19, 1924.

Petition for injunction. Before Judge E. D. Thomas. Fulton superior court. April 15, 1924.

Mrs. Courtney et al. sought to enjoin the erection of an apartment-house and garages upon a tract of land situated in land lot 112, 17th district, Fulton County, fronting 100 feet on Peachtree Road, sold by Peachtree Heights Park Company on May 15, 1911, to Mrs. Matilda Regenstein. The petition alleges that the deed under which Mrs. Regenstein acquired the property contained, among others, the following provisions: "2. On corner lots, the barns, servants' or other outhouses, shall be located in the extreme corner of the lot farthest from the side street or road. 3. The said land shall not be used except for residence purposes." It was also alleged, that Mrs. Regenstein had conveyed her lot to the defendant Hunter under a deed reciting that it was "subject to the six restrictions contained in the deed from Peachtree Heights Park Company to Mrs. Matilda Regenstein;" that he intended to erect upon said lot an apartment-house to contain 22 units, and was then engaged in doing the necessary preliminary work, and also intended to erect a large number of garages to be rented to persons occupying the apartment-house and others; that in making said subdivision it was the purpose of Peachtree Heights Park Co. to create and establish an exclusive, high-class, strictly residence community; that Mrs. Regenstein purchased her lot at a public auction at which the purchasers were definitely informed by the

21

auctioneer and by printed plats and printed matter circulated by Peachtree Heights Park Co., that the lots offered for sale were for home purposes only, and that such restrictions would be put in the deeds as would protect each purchaser alike; that Mrs. Regenstein bought the lot with the full and complete understanding that it could not be used for apartment purposes and that the use of the particular lot in question was limited to that of a private residence and private home; that Hunter bought said lot with full knowledge of the fact that it was the intention of the parties to the sale at which Mrs. Regenstein bought the property that said lot should not be used for apartment-house purposes, and that it was contrary to the intent and scheme of said general subdivision for any of the lots therein to be used for apartment-house purposes; that the system of sewers installed in said subdivision by Peachtree Heights Park Co. contemplated the erection of one home upon each lot, to be occupied by an average of five persons; that the system is not adequate to handle sewage from apartment-houses erected upon the lots and occupied by large numbers of people; that the petitioner, Courtney, owns two of the lots in said subdivision, adjoining the lot upon which defendants propose to erect said apartment-house, and the other petitioners own property in the immediate neighborhood, upon which they have erected costly residences; that the erection of said apartment house will injure and damage the homes of petitioners, and the existence of said apartment house in such close proximity will greatly decrease the market value and lessen the desirability of the property of petitioners as places of residence and as homes; that the erection and renting of said garages will be a direct violation of the covenants running with the land, above quoted, because the use of said garages as aforesaid would constitute the carrying on of business on said lot contrary to said restriction, and because it is physically impossible to locate the number of garages sufficient to accommodate an apartment-house of 22 units, in the manner, form, and place required by said restrictions; that within a year or two after the deed to Mrs. Regenstein was made, Peachtree Heights Park Co. adopted a new form of deed in making conveyances, which contained the following: "4. The above-described land may not be subdivided so as to make any lot have less than one hundred feet frontage on the street or road upon which it is situated, and not more than one residence

may be erected on each lot of one hundred feet frontage, and each residence constructed thereon must cost not less than seven thousand dollars; provided, nevertheless, that the restrictions contained in this paragraph will extend for a period of fifteen years only from this date;" that the part of this restriction limiting the use of said lot to one residence was not a new restriction, but was merely putting in writing the restrictions generally and thoroughly understood by parties who had bought under the original form of deed.

The answer of the defendants denied the material allegations of the petition. The court refused to grant an injunction, and error was assigned upon that judgment.

*Fuller & Bell,* for plaintiffs.

*Alston, Alston, Foster & Moise,* for defendants.

ON MOTION FOR REHEARING.

GILBERT, J. A motion has been filed for a rehearing, based on the contention that this court failed to rule on the issue made by the pleadings as to whether the garages proposed to be erected by the defendant, Hunter, should have been enjoined. The full report of the case following the headnotes shows that the court took that issue under consideration. The headnote holding generally that the judgment refusing to grant an interlocutory injunction was not erroneous necessarily included the issue as to the garages. However, on consideration of the motion for rehearing, the court adds headnote 2, specifically dealing with that issue. The ruling is based on the evidence that the garages intended to be erected will be used merely for storing private cars of occupants of the apartments, and not for the business of repairing or similar uses. The motion is denied.

BECK, P. J. On consideration of the motion for a rehearing I am of the opinion that the judgment of the court below should be reversed.