LEWENSTEIN *et al. v.* BROWN *et al.*
BROWN *et al. v.* WALKER *et al.*

Nos. 15349, 15350. JANUARY 15, 1946. REHEARING DENIED FEBRUARY 21, 1946.

434

436

**438**

*George & John L. Westmoreland* and *William G. Grant,* for Lewenstein *et al.*

*Mose S. Hayes, James F. Cox,* and *Henry M. Garner,* for Brown *et al.*

WYATT, Justice. ■ We deal first with the restriction contained in the deed, which is as follows: "The above property is sold for residence purposes only, unless otherwise specified, and all buildings for residence purposes shall conform to the thirty-foot building line on the plat and shall be at least ten feet from the side line of any lot owned by others." This court, in *Courtney* v. *Hunter,* 159 *Ga.* 321 (125 S. E. 714), said: "'The restriction 'for residence purposes,' as contained in the deed involved in this case, does not prohibit the erection of apartment houses used exclusively for residence purposes." See also *Hamm* v. *Wilson,* 168 *Ga.* 670 (148 S. E. 593); 169 *Ga.* 570 (151 S. E. 11); and the notes in 18 A. L. R. 453, 54 A. L. R. 667, and 57 A. L. R. 245. We conclude that the restriction as contained in the deed now under consideration would not prohibit the erection of an apartment house to be used for residence purposes only.

■ The remaining question for consideration is whether or not the erection of an apartment house on the property involved would be in violation of the zoning regulations for Fulton County. The property here involved is outside any incorporated municipal limits. The Board of Commissioners of Roads and Revenues of Fulton County are authorized to zone property outside incorporated municipalities. Ga. L. Ex. Sess. 1937-38, p. 819. The law authorizing the creation of the Fulton County Planning Commission and the Board of Zoning Appeals will be found in Ga. L. 1939, p. 584. The acts of the General Assembly, supra, place the duty and authority to zone primarily upon the Board of Commissioners of Roads and Revenues of Fulton County. The Board of Zoning Ap-

peals is primarily what its name denotes, a board to hear appeals. The 1939 act sets out in detail the duties of the Board of Zoning Appeals, and provides as follows: "The Board of Zoning Appeals in its administration of said regulations may permit an exception to the regulations herein provided for and shall lay down rules and regulations for hearings on petitions for such exceptions to the said regulations, and grant or reject the same as in their judgment may seem best." This language in the act does not give to this board any authority to zone, but simply gives the board authority to permit exceptions or variances under such conditions or circumstances as the zoning authority, to wit, the Board of Commissioners of Roads and Revenues of Fulton County, may provide. The precise question with which we are confronted is whether or not the Board of Zoning Appeals has the authority to grant permission for the erection of an apartment house on property that has been zoned by the zoning authority for residence purposes only. The answer to this question requires an examination of the zoning ordinance appearing in the foregoing statement of facts. The ordinance divides the territory zoned into four districts: industrial, commercial, apartment, and residential. The uses of each district are then defined, and the status of property formerly zoned is preserved unless variances are granted by the Board of Zoning Appeals. The Board of Zoning Appeals is given authority to decide doubtful cases. The ordinance then provides: "Be it further resolved, that in a residential district no building or structure shall be erected or altered, nor shall any building, structure, or lands be used except for one or more of the purposes listed in section 5 above defining residential districts." This language does not permit the erection of an apartment house in a residential district. It is argued that the Board of Zoning Appeals has the right to grant a variance and allow an apartment house to be built in a residential district. We do not think so. The zoning authority, in the zoning ordinance, saw fit to provide for an apartment district and a residential district, thereby showing a clear intention not to permit the erection of an apartment house in a residential district. As to all the districts except the residential district the ordinance provides for certain exceptions in general terms that may be made effective by the Board of Zoning Appeals, but when it deals with the residential district, it expressly says that there shall be no exceptions. We think that this

shows a clear intention on the part of the Board of Commissioners of Roads and Revenues to retain complete control of all zoning matters in so far as the residential district is concerned. We can well see why they would want to do this and thereby protect the homes of the citizens of the county from the hazard of undesirable encroachments.

*Judgment affirmed on the main and cross-bills of exceptions. All the Justices concur.*