CITY OF PEARSON *v.* THE GLIDDEN COMPANY.

No. 16726. SEPTEMBER 13, 1949.

740

*L. A. Hargreaves, M. D. Dickerson,* and *Gibson & Maddox,* for plaintiff in error.

*Franklin, Eberhardt & Barham,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ Prior to the adoption of the Constitution of 1945 (Code, Ann., § 2-1923) the General Assembly had no authority to grant the right to enact zoning or planning laws to any municipalities in this State, other than those specified in the 1928 amendment to the Constitution of 1877 (Code, § 2-1825), which did not include the City of Pearson. See, generally, *Smith* v. *Atlanta,* 161 *Ga.* 769 (132 S. E. 66, 54 A. L. R. 1001).

Neither the charter of the City of Pearson nor any act of the General Assembly contradicts the allegation of the petition that the City of Pearson had never been granted authority by the General Assembly to enact zoning laws. Accordingly, taking the allegations of the petition to be true, as must be done on general demurrer, the City of Pearson was without authority to pass a zoning ordinance on September 11, 1945, and the ordinance passed on that date was invalid in so far as it attempted to zone the area in question for residential purposes. Neither was the ordinance of September 11, 1945, authorized under the act (Ga. L. 1946, p. 191; Code, Ann. Supp., § 69-801 et seq.) conferring on municipalities generally the right to pass zoning ordinances, for the reason that such act was not passed until after the adoption of the zoning ordinance.

Counsel for the defendants insist, however, that the petitioner cannot be permitted to take an inconsistent position, in that, if the ordinances under which the defendants are acting are unconstitutional and void, the court cannot grant a writ of mandamus to compel them to act under an unconstitutional ordinance or ordinances. Since the attack here made was on the

ordinance passed on September 11, 1945, and not on the ordinance of December 10, 1946, under the terms of which the petitioner sought a building permit, the petition was not subject to demurrer on the ground that the petitioner, while attempting to claim that the ordinances under which the defendants were acting were unconstitutional, was at the same time seeking to compel the defendants to perform an act which was required by the ordinances.

The instant case is distinguished on its facts from *Adams* v. *Johnson*, 182 *Ga.* 478 (185 S. E. 805), relied on by the defendants, where only one ordinance was involved. Nor was the petition subject to demurrer on the grounds, (a) that it showed upon its face that the time in which a mandamus absolute might be granted had expired; (b) that the petition fails to state in what way the petitioner would suffer pecuniary loss, and why it cannot be compensated in damages.

· The petition as amended set forth a cause of action for a mandamus absolute, and the trial court did not err in overruling the defendants' general grounds of demurrer for any reason assigned.

■ The first special ground of the motion for new trial complains of the exclusion of evidence to the following effect: Tom Smith offered to lease to H. S. Propes an old turpentine still in Pearson next door to the place Propes was operating. Propes purchased gum for the petitioner on a commission basis. He had not been able to buy much gum, as he did not have room enough, and could only rent by the month the place he was already operating. He was on the pay roll of the petitioner as a buying agent, and his authority was limited to buying gum on a commission basis. The petitioner furnished the money. Propes was not authorized to lease any property.

In order for the exclusion of oral testimony to be considered as a ground for a new trial, it must appear that such testimony was material, and would have benefited the complaining party. *Griffin* v. *Henderson*, 117 *Ga.* 382 (2) (43 S. E. 712); *Crawford* v. *Gale*, 204 *Ga.* 448 (2) (49 S. E. 2d, 905).

The above evidence in the present case was immaterial to any issue in the case, and the court did not err in excluding the same for any reason assigned.

■ The second special ground complains that the court erred in directing a verdict in favor of the petitioner, since there were questions of fact under the pleadings and evidence which should have been passed on by a jury.

The ordinance of December 10, 1946, was not a zoning or planning ordinance. It simply required that every person who proposed to erect a building within the city should submit his plans to the city authorities and receive from them a permit in writing authorizing the erection of the same. Under an ordinance of this type, when the applicant has complied with all of the requirements of the ordinance, the city authorities are not authorized to decline the permit unless the proposed structure is a nuisance per se. See *Burrus* v. *Columbus,* 105 *Ga.* 42, 46 (31 S. E. 124) ; *Simpson* v. *DuPont Powder Co.,* 143 *Ga.* 465, 467 (85 S. E. 344) ; *Brown* v. *Thomasville,* 156 *Ga.* 260 (2) (118 S. E. 854) ; *Warren* v. *Dickson,* 185 *Ga.* 481, 483 (3) (195 S. E. 568). Compare *McWhorter* v. *Settle,* 202 *Ga.* 334 (2) (43 S. E. 2d. 247).

The uncontradicted evidence showing that the city authorities rejected the application for a building permit on the sole ground that the land was restricted for residential purposes, but such restriction was based on a void zoning ordinance, a finding was demanded that the petitioner was entitled to the building permit, and the court did not err in directing the jury to return such a verdict. *Judgment affirmed. All the Justices concur.*