19095. ATLANTA TRANSIT COMPANY *v.* KNIGHT.

MOBLEY, Justice. After a careful study of the record in this case, and of the decision of the Court of Appeals (*Atlanta Transit Co.* v. *Knight,* 92 *Ga. App.* 469, 88 S. E. 2d 738), we are of the opinion that that court did not err in the judgment rendered.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 11, 1955—DECIDED NOVEMBER 14, 1955.

*John M. Williams,* for plaintiff in error.

*Smith, Field, Doremus & Ringel, Currie & McGhee, Richard D. Carr,* contra.

19123. HADDEN *v.* PIERCE *et al.*

DUCKWORTH, Chief Justice. Any citizen has such interest in having public officers perform their duties as will authorize him to maintain mandamus proceedings for that purpose. Code § 64-101. In such action, although the official duty required is that of issuing a building permit, it is not a private right of the petitioner requiring a showing of irreparable injury as required by Code § 64-105. A filling station is not a nuisance per se; and it appearing from all the evidence in this record that the only evidence offered in opposition to the application for the permit was of property owners nearby upon grounds of danger, noise and the depressing of the value of their property, none of which amount to a valid reason for declining the permit, it was therefore an abuse of discretion to refuse the mandamus. *City of Pearson* v. *Glidden Co.,* 205 *Ga.* 738 (55 S. E. 2d 125); *City of Hawkinsville* v. *Williams,* 185 *Ga.* 396 (195 S. E. 162); *Wofford Oil Co.* v. *City of Calhoun,* 183 *Ga.* 511 (189 S. E. 5); *Brown* v. *City of Thomasville,* 156 *Ga.* 260 (118 S. E. 854).

*Judgment reversed. All the Justices concur.*

SUBMITTED OCTOBER 10, 1955—DECIDED NOVEMBER 14, 1955.

*W. W. Larsen, Jr., Harold E. Ward,* for plaintiff in error.

*Wm. Malcolm Towson,* contra.