### 20080. CITY OF DECATUR *et al. v.* FOUNTAIN.

MOBLEY, Justice. 1. "To entitle one to the writ of mandamus, it must appear from the petition therefor that the applicant has a clear legal right to have performed the particular act which he seeks to have enforced. Code § 64-101; *Douglas* v.

*Board of Education of Johnson County,* 164 *Ga.* 271 (138 S. E. 226); *Hodges* v. *Kennedy,* 184 *Ga.* 400 (191 S. E. 377); *Harmon* v. *James,* 200 · *Ga.* 742, 744 (38 S. E. 2d 401)." *Trussell* v. *Martin,* 207 *Ga.* 553, 556 (63 S. E. 2d 361). Under the agreed stipulation between the parties, there were no issues of fact, the only question being whether the petition makes a case for mandamus against the defendants. The defendants constitute the governing body of the City of Decatur and are solely vested with authority to issue building permits within the limits of that city. The petitioner's land has been validly zoned for business use, and he has complied with all of the ordinances and requirements of the city necessary to be entitled to a building permit. Under the allegations of the petition the duty of the defendants to issue the permit is clear. It nowhere appears that the defendants are authorized to grant or refuse such permits in their discretion where an applicant has complied with the requirements of law relative thereto, and where a municipality by ordinance prescribes the conditions, regulations and restrictions required to obtain a permit, it thereby fixes its discretion as to the issuance of a permit and all persons meeting the requirements of the ordinance are entitled thereto upon proper application. See *McWhorter* v. *Settle,* 202 *Ga.* 334 (2) (43 S. E. 2d 247). Where the ordinances of the city simply require that every person who proposes to erect a building within the city should submit his plans to the city authorities who are vested with the duty to issue permits, and where the applicant has complied with all of the requirements of the ordinances, the city authorities are not authorized to decline the permit unless the proposed structure is a nuisance per se. *City of Pearson* v. *The Glidden Co.,* 205 *Ga.* 738, 743 (55 S. E. 2d 125). It has been many times held by this court that a filling station is not a nuisance per se. *City of Hawkinsville* v. *Williams,* 185 *Ga.* 396, 399 (195 S. E. 162), and cases there cited. The only reason assigned by the defendants as constituting a defense to the instant case is their contention that they had the right to rezone the plaintiff's land during the pendency of the suit, had they not been enjoined from doing so, and, therefore, having the right to rezone the property, the plaintiff failed to show a clear legal right to the writ. This argument presents no legal defense to the present action. Under such a view a litigant's rights would never be certain so long as the

law under which he proceeded could be amended at some future time. Whether or not the petitioner's land could be rezoned at some future date, at the time his application was presented to the defendants, and up until the present suit was filed, the land had not been rezoned, and the defendants were under a clear legal duty to issue the permit applied for. It appearing that the petitioner was entitled to the permit which he sought, the trial court did not err in overruling the general demurrer and making the mandamus absolute.

2. Since the decision of the trial court is affirmed, no ruling will be made on the motion to dismiss the bill of exceptions.

*Judgment affirmed. All the Justices concur.*

Argued May 14, 1958—Decided June 4, 1958.

*James A. Mackay, Thos. O. Davis, B. Hugh Burgess,* for plaintiffs in error.

*Zachary & Hunter, Wm. E. Zachary, John C. Hunter,* contra.

