26130. KEENAN et al., Commissioners v. ACKER.

Argued October 13, 1970—Decided November 5, 1970—
Rehearing denied November 18, 1970.

Perry, Walters, Langstaff, Lippitt & Campbell, R. Edgar Campbell, for appellants.

Burt & Burt, Hilliard P. Burt, Donald D. Rentz, for appellee.

MOBLEY, Presiding Justice. An action was brought by appellee, a property owner in Dougherty County, against the members of the board of commissioners of the county seeking mandamus absolute requiring the commissioners to validate a building permit previously granted and later revoked. The trial court entered judgment granting the mandamus absolute and ordering reinstatement of the building permit. The appeal is from that judgment. Enumerated as error is the granting of the mandamus absolute and ordering reinstatement of the building permit.

In brief, these are the facts: On October 31, 1969, when appellee's property was not subject to zoning, he procured from the county a permit for the construction of a warehouse on the property. Early in November, he and his foreman "laid out the four corners" of the building with iron stakes at an estimated cost of $50 or $60. This situation existed on December 1, 1969, when the county adopted a zoning ordinance under which this property was zoned for agricultural purposes. On April 20, 1970, the commissioners sent appellee notice to show cause on May 4, 1970, why his permit should not be revoked. At the time he received this notice there had been no change in his building situation, but during the 14 days between receipt of the notice and the hearing, he poured the foundation for the building, and at the hearing he testified that he had spent $800 to $900; of this amount, $600 to $700 was for materials, which are not shown to have been used. The proposed cost of the building was $8,000 or $9,000. The commissioners revoked the permit.

The trial court held that, applying the decisions of this court in City of Decatur v. Fountain, 214 Ga. 225 (104 SE2d 117); and Howard Simpson Realty Co. v. City of Marietta, 220 Ga. 727 (141 SE2d 460), and cases cited therein, the commissioners had no right to revoke the building permit.

In both of the cases cited the plaintiffs had applied for a

building permit and had shown that they had met all the legal requirements for the issuance of a permit, and had a clear legal right to it. The defense in each case was that the city had the right and the intention to rezone the property. This court held that this constituted no legal defense to the action, and the property owner was entitled to a permit.

If, as held in *City of Decatur v. Fountain*, 214 Ga. 225, supra, a permit may not be denied by the zoning authority where all legal requirements necessary for the grant of the permit have been met, although the zoning authority plans to rezone against the erection of such building, where, as here, a permit has been legally obtained and is valid in every respect, it may not be revoked by the zoning authority because the property has subsequently been zoned against the type building sought to be erected.

*Judgment affirmed. All the Justices concur.*