26889.   MOORE v. MAYOR &c. OF STATESBORO et al.

HAWES, Justice. The plaintiff applied to the Mayor & Council of the City of Statesboro for permission to erect on a described tract of 4.6 acres located within the city, but outside the inner fire limits thereof, an apartment project consisting of approximately 15 units per acre. Before the matter was formally presented, he was advised by the chairman of the building committee of the city council that he should alter his plans so as to provide off-street parking. The plans were modified accordingly and formally presented to the mayor and council. The permit was denied. He was thereafter informally advised by the mayor and/or the chairman of the building committee that if he would reduce the density of the apartments to approximately 10 units per acre they did not think he would have any trouble in getting his application approved. He accordingly modified his plans and resubmit-

ted his application, which was denied. He then brought this action for a mandamus against the mayor and council and the city engineer, the person authorized and charged with the duty of issuing building permits. Upon the hearing, the trial court denied a mandamus absolute and dissolved a temporary restraining order which had enjoined the defendants from enacting any zoning ordinances affecting the property involved. The plaintiff appealed.

1. The City of Statesboro does not have a comprehensive zoning ordinance. Sec. 24-1 of the zoning ordinance provides: "It shall be unlawful for any person to erect within the following described area of the city, to wit: All that area within the city outside the inner fire zone of said city, any building to be used for any purpose other than residential, except garages for private usage, hotels or boardinghouses, and churches or school buildings." No *zoning* case defining the term "residential purposes" has been decided in this State, and the parties have not called to our attention any decision rendered by the courts of any other State involving a zoning matter wherein that term has been defined. However, numerous cases involving *restrictive covenants,* and defining the terms, "for residence purposes," or "residential purposes" have been decided in various State courts, and the almost universal holding is that those terms when embodied in a restrictive covenant without any other words of limitation do not prohibit the erection of apartment houses. See cases cited in 37 Words and Phrases (Permanent Edition), 397. That was the ruling of this court in the case of *Courtney v. Hunter,* 159 Ga. 321 (1) (125 SE 714). See also *Hamm v. Wilson,* 168 Ga. 670 (148 SE 593); s. c., 169 Ga. 570 (151 SE 11); and *Lewenstein v. Brown,* 200 Ga. 433, 438 (37 SE2d 382); Anno. 14 ALR2d 1376, 1404. We, therefore, hold that the ordinance in question does not prohibit the erection of apartments or multi-family residences in the area within the City of Statesboro outside the inner fire zone.

2. The evidence shows without dispute that water and sewerage are available to the plaintiff's property without difficulty and that the plaintiff has complied with all the requirements of the city engineer and has followed the proper procedure in submitting his application to the mayor and council. The proposed construction is in accordance with the applicable zoning ordinance of the city. It does not appear that the defendants are authorized to grant or refuse building permits under these circumstances in their discretion, but where the plaintiff has complied with all the requirements of the law, it is their duty to issue him a building permit unless the proposed structure is a nuisance per se. *City of Pearson v. Glidden Co.,* 205 Ga. 738, 743 (55 SE2d 125); *Hadden v. Pierce,* 212 Ga. 45 (90 SE2d 405); and *City of Decatur v. Fountain,* 214 Ga. 225 (104 SE2d 117). Apartment houses and multi-family dwellings are not nuisances per se. It follows that the trial court erred in denying the mandamus absolute.

*Judgment reversed. All the Justices concur.*
ARGUED DECEMBER 13, 1971—DECIDED FEBRUARY 11, 1972.

*Ronald E. Ginsberg, Friedman, Haslam & Weiner, Allen, Edenfield, Brown & Franklin, Charles H. Brown,* for appellant.

*Johnston & Brannen, George M. Johnston, Sam L. Brannen,* for appellees.

