28061. BARNES et al. v. AUSTIN et al.

ARGUED JULY 10, 1973 — DECIDED SEPTEMBER 6, 1973.

*Rubin, Landey & McLarty, Martin H. Rubin,* for appellants.
*A. J. Welch, Jr.,* for appellees.

MOBLEY, Chief Justice. This appeal is from a final order denying mandamus absolute.

Norman A. and Mary N. Barnes filed a petition for mandamus against the zoning officials of Henry County to require them to issue the appellants a building permit to build 24 additional kennel runs on their property.

Their property is in a district zoned agricultural residential, and one of the conditional uses permitted in this district is a commercial kennel. The appellants were awarded a building permit and use and occupancy permit in 1966 for "residence and dog kennel." Their subsequent application for a permit to build additional kennel runs was denied by the Henry County Planning Commission after a delegation present at a meeting of the Commission expressed opposition to the addition "for fear of increase in noise and odor that might be a nuisance." On appeal the Commissioners of Roads and Revenues concurred in this decision.

It is the contention of the appellants that the Henry County officials have no discretion in granting them the building permit requested, since they have already been granted a conditional use permit; have complied with the only regulation pertaining to the construction of a commercial kennel, placing it within the required distance from the property lines; and have made proper application for the building permit.

The county officials contend that the business of operating a commercial kennel is a conditional use in the zone in which the appellants are located and that they have a discretion in granting or denying a building permit for enlarging the kennel.

The record does not sustain the contention of the appellees that the 1966 conditional use permit issued to the appellants approved the construction of only a specific number of kennel runs on this property. The permit was for a "dog kennel." We must assume that the planning commission, prior to the issuance of this permit,

determined that the conditions existed which authorized the establishment of a kennel as a conditional use in the agricultural residential zone in which it was located.

The Zoning Regulations of Henry County provide for applications for building permits, accompanied by plans showing specified details. There is no provision for a new determination of the matters related to the issuance of a conditional use permit each time a building permit is requested for property on which a conditional use has been established.

It is stipulated by the appellees that the application for permit was made to the proper authority, and that the appellants have complied with the setback requirement applicable to commercial kennels.

The appellants have a valid conditional use permit to operate a kennel; they have complied with all requirements of the zoning regulations as to obtaining a building permit; and the proposed structure is not a nuisance per se. The trial judge therefore erred in refusing to require the issuance of a building permit to them. *City of Pearson v. Glidden Co.,* 205 Ga. 738, 743 (55 SE2d 125); *Hadden v. Pierce,* 212 Ga. 45 (90 SE2d 405); *City of Decatur v. Fountain,* 214 Ga. 225 (104 SE2d 117); *Moore v. Mayor &c. of Statesboro,* 228 Ga. 619 (2) (187 SE2d 531).

The cases cited by the appellees concerning the discretion vested in governmental units in granting conditional use permits are not in point on their facts with the present case.

*Judgment reversed. All the Justices concur.*