34071, 34072. CLARK et al. v. INTERNATIONAL
HORIZONS, INC. et al.; and vice versa.

BOWLES, Justice.

These cases began with a complaint filed in Fulton Superior Court by the Peachtree Heights Civic Association and individual homeowners to prevent the conversion and use of a neighborhood residence as a private school by International Horizons, Inc. and Suzuki Learning Center, Inc. The case was dismissed after hearing. This appeal and cross appeal follow the dismissal.

The Association and homeowners, appellants in Case No. 34071, appeal from those parts of the order holding that an Atlanta city ordinance which allows the establishment of a private school in a residential district if it provides a curriculum the same as that ordinarily given in the public schools is not void for vagueness; that the delegation of authority to a building inspector to determine whether the curriculum is the same is not unlawful; and that a building permit vests a right to use of the property at the time of its issuance and is not affected by a subsequent change in the zoning ordinance.

International Horizons, Inc. and Suzuki, appellees in Case No. 34071, brought a cross appeal, Case No. 34072, from the same order, assigning as error the trial court's failure to dismiss the suit below on the grounds that the suit was barred by appellants' failure to pursue available legal remedies. The cases are consolidated for decision in this court.

In the summer of 1977, appellee International Horizons, Inc. began to implement a plan to start a school in Atlanta based on the teachings of Shinichi Suzuki. On October 4, 1977, Suzuki International Learning Center, Inc., was formed as a Georgia non-profit corporation. The purpose of the corporation, as stated in its Articles of Incorporation, was to establish a pre-school program for children between the ages of two and six.

A staff member of International Horizons assigned to find a location for the school suggested that the corporation buy a residence at 2906 Andrews Drive, Atlanta, Georgia. The residence was located in an R-3

Single-Family Dwelling District. The zoning regulations applicable to an R-3 district classified a kindergarten as a special use of the property. On August 17, 1977, a conditional contract for the sale of the residence was entered into by Suzuki and the owner. The sale was made contingent on Suzuki's obtaining a special use permit authorizing the operation of a kindergarten on the property.

Application for a special use permit for a pre-school was filed with the Planning Department of the City of Atlanta. The Planning Department recommended denial of the special use permit, as did the Zoning Review Board. The application was denied by the Atlanta City Council on January 3, 1978.

While the application for a special use permit was still pending before the city council, Suzuki submitted an application for a building permit to use the residence as an elementary school. At that time, a private elementary school could be operated in the zoning district without obtaining a special use permit, if the curriculum of the proposed school was shown to approximate that of the public elementary schools. Appellee William Hewes, Assistant Director of the Bureau of Buildings of the City of Atlanta, determined that Suzuki's proposed program would be a permissible school, and on October 31, 1977, issued a building permit to allow the conversion of the residence to a primary school.

On January 9, 1978, the Atlanta City Council approved an amendment to the regulations for R-3 Single-Family Zoning Districts which reclassified private schools of any kind as a special use of property located in the district.

Suzuki purchased the residence located at 2906 Andrews Drive, N. W. on February 3, 1978. Conversion on the house under the October 31, 1977, permit was begun in March. Suit was filed by the Neighborhood Association on March 20, 1978, seeking an injunction to prevent further conversion of the house; a declaratory judgment that the establishment of a school at the residence would be in violation of the zoning ordinance; a mandamus requiring appellee Hewes to enforce the Atlanta City Code by revoking the building permit; and an injunction to prevent Suzuki's use of the property in violation of the

zoning ordinance.

A temporary restraining order was issued, which enjoined any alteration to the exterior of the residence for the thirty days after March 21, 1978, but allowed interior modifications to continue.

After a hearing on the evidence, an order was issued. which held that the provision of the Atlanta zoning ordinance allowing private schools in residential districts was not void for vagueness, nor was it an unlawful delegation of authority; and that the right to the property use had vested on October 21, 1977, under the rule stated in *Keenan v. Acker,* 226 Ga. 896 (178 SE2d 196) (1970). The appellants' complaint was dismissed. We affirm the dismissal.

1-2. Appellants contend that the issuance of a building permit in October, 1977, did not vest any property rights in appellee Suzuki so as to allow use of the property in violation of the zoning ordinance passed in January, 1978, where there was no substantial reliance upon the issuance of the building permit by commencement of construction. The facts are undisputed. Appellee's building permit was issued in October, 1977, based upon a permitted use under the zoning law then in force. On January 9, 1978, the applicable zoning restrictions were amended to require a special use permit for the operation of a private school on the property. At the time the January amendment was passed, appellee had not purchased the residence at 2609 Andrews Drive and had not begun any alterations or construction on the house.

While many jurisdictions have held that the issuance of a building permit does not operate to vest in the owner of the property the right to use the property as permitted by the building permit without a showing of substantial reliance, this is not the law in Georgia. This court held in *Keenan v. Acker,* supra, that a building permit legally obtained and valid in every respect may not be revoked by the zoning authority because the property is subsequently zoned against the type building sought to be erected. No showing of reliance is required. In *Gifford-Hill & Co. v. Harrison,* 229 Ga. 260 (191 SE2d 85) (1972), the court extended the rule to allow one in a contractual

relationship with the owner for purchase of the land to be issued authorization to use the land for the purpose for which it is zoned at the time he makes his application for such authorization.

It is undisputed that on October 31, 1977, appellee Suzuki was a party to a contract to purchase the residence at 2906 Andrews Drive and on that date, a private elementary school was a permitted use under the zoning ordinance in effect. Therefore, appellee Suzuki was entitled to have a building permit issued upon a showing that it complied with the regulations for the issuance of the permit. The permit, when issued, gave Suzuki a vested right to use the property as a private elementary school.

In January, 1978, the amendment to the zoning ordinance made a private elementary school subject to the provision of the special use permit. The use of the property as a school did not become, as contended by appellants, a non-conforming use. A non-conforming use is usually defined as a lawful use of the premises existing on the effective date of the zoning regulations, and continued thereafter, which does not conform to such regulations. 82 AmJur2d 684, Zoning and Planning, § 178. As the term itself implies, a non-conforming use is different from the use which municipal authorities consider best for the public health, welfare, morals and safety in that area. See: Beyer v. Mayor &c. of Baltimore City, 182 Md. 444 (34 A2d 765); Anno. 87 ALR2d 4. Although it may be a constitutional requirement that non-conforming uses be protected from the retroactive effect of zoning regulations, such uses are not favored in the law because they detract from the effectiveness of the comprehensive zoning plan. See: Anno. 56 ALR3d 14, 48-50, § 7; 56 ALR3d 138, 166, § 7; 57 ALR3d 279, 317-319, § 7.

By contrast, a special use is one provided for in the zoning ordinance itself, and involves a prior legislative determination that the use permitted is compatible with other uses in a zoning district. See: 82AmJur2d 504, Zoning and Planning, § 70; Anno. 40 ALR3d 385, § 5. Where special uses are stated within the ordinance itself, they constitute a part of the comprehensive plan which is evidenced by the ordinance, and the approval of the

special use permit poses little threat to the character of the area.

The "saving clause" contained in the Atlanta City Code § 16-24001 refers to non-conforming uses and is not applicable to the facts in this case. Therefore, the issue of whether under the ordinance, Suzuki's right to use the property could be divested by failure to begin actual construction by January, 1978, is not raised.

Appellee Suzuki complied with the requirements of law in regard to obtaining a building permit, which was legally issued. The trial court correctly held that the permit could not be revoked by the zoning authority.

3, 4. Appellants contend that the ordinance requirement that the building inspector determine whether a proposed school is prepared to offer "a curriculum the same as ordinarily given in the public school" is too vague and uncertain to be constitutionally enforceable, or in the alternative, it is an unlawful delegation of a policy decision to an administrative official. There is no allegation that appellee Hewes abused his discretion under the terms of the ordinance.

We agree with the trial court that the portion of the ordinance allowing the issuance of a building permit for the construction of private elementary schools is not void for vagueness. Looking to the expressed intent of the zoning ordinance, we find that the regulations contained therein sought to promote desirable living conditions and promote stable neighborhoods through the development of recreational, religious and educational facilities. By requiring that the curriculum of private elementary schools be the same as ordinarily given in public schools, the city council was insuring that any private schools in the area would be compatible with and aid in stabilizing the residential character of the district to the same extent as the public schools, and would create essentially the same external circumstances in terms of school year calendar and hours of operation. This provision would not require a high-level analysis of the goals, philosophies or particular teaching techniques of a proposed school. See: *Bell v. Barrett,* 241 Ga. 103 (243 SE2d 40) (1978).

Viewed in the context of the entire zoning ordinance, the provision is not too vague and uncertain as to render it

unenforceable, nor does it delegate excessive legislative authority to the city building inspector. The inspector is not required to make an educator's assessment of the curriculum, but must determine whether the private school appears to have an environmental impact on the community similar to that of public schools.

The judgment in Case No. 34071 dismissing appellant's complaint is affirmed.

5. Because of the holding in Case No. 34071, it is unnecessary to consider the error enumerated in the cross appeal, which sought dismissal of the appeal on an additional basis.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., who is disqualified.*

ARGUED OCTOBER 10, 1978 — DECIDED FEBRUARY 6, 1979.

*Cofer, Beauchamp & Hawes, Peyton S. Hawes, Jr.; James H. Rollins, Julie Childs,* for appellants.

*Ralph Witt, Troutman, Sanders, Lockerman & Ashmore, Mark S. Kaufman, Patrick K. Wiggins,* for appellees.